UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**UNITED STATES OF AMERICA,**                 :
                                              :
    - v. -                 :         20-CR-412 (AT)
                                              :
**KOLFAGE, et al.,**                          :
                                              :
                    *Defendants*.     :
------------------------------------------------------------X


# DEFENDANT TIMOTHY SHEA'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO


John C. Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, New York 10013
(212) 941-2077
*Attorneys for Defendant Timothy Shea*

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**TRANSFER TO THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Timothy Shea respectfully submits this reply brief in response to the government's opposition of and in further support of his motion to transfer venue of the above-captioned case from the Southern District of New York to the United States District Court for the District of Colorado pursuant to Federal Rule of Criminal Procedure 21(b) ("Rule 21(b)"). The government's memorandum of law in opposition of Mr. Shea's motion ("Govt. Opp.") is noticeably absent of any evidentiary detail that would warrant or justify the venue of his trial to remain in the Southern District of New York. As argued in Mr. Shea's opening brief, this case simply has no business being tried in this district, a point made even clearer by the government's brief, which demonstrates the lack of connection between the charges in the Indictment and the Southern District of New York. Therefore, Mr. Shea respectfully requests a transfer of venue to the District Court of Colorado.

**I.   THE EVENTS HAVE NO CONNECTION TO THE SOUTHERN DISTRICT OF NEW YORK**

The government's opposition brief reveals a broader issue with the Indictment – the alleged conduct has no connection to the Southern District of New York. The government's argument that the location of events does not justify transfer of venue is based on the allegation that the "defendants perpetrated a nationwide fraudulent fundraising campaign targeting donors in New York and elsewhere." Govt. Opp. at 12. Yet, the government concedes that Mr. Shea is "based in Colorado, his co-defendants were in other states, the wall they were trying to build was in several states along the southern United States border, and, of course, the donor victims are scattered across nearly every state." *Id.* Despite no connection to New York, the government argues that

1

these "facts do not weigh in favor in [sic] transfer. Quite the opposite, the geographic breadth of the scheme counsels against transfer." *Id*. In other words, because the conduct allegedly spanned across other states, the government argues, in effect, a *possibility* of connection to New York.

The case law the government cites concerning this geographic premise is not analogous to the present matter, in that the cited cases all involve allegations that, at least in part, occurred in or were definitively connected to New York. *See United States v. Blakstad*, 2020 WL 5992347, at *4 (S.D.N.Y. Oct. 9, 2020) (The charged insider trading scheme was listed on the New York Stock Exchange and "CC-3 was based in Manhattan, as was his firm…"); *United States v. Ebbers*, 2004 WL 2346154, at *1 (S.D.N.Y. Oct. 18, 2004) (Defendant conceded New York had a legally sufficient basis for venue – defendant had conversations with securities analysts in New York and many of the company's largest shareholders had offices in New York.); *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 453-457 (S.D.N.Y. 1997) (The majority of illegal bugging and wiretapping devices that were imported into the United States and sold by the defendant were sold within the Southern District of New York, where defendant also operated "an undercover company…from which telephone calls were made and illegal devices were received…"); *United States v. Estrada*, 880 F. Supp. 2d 478, 481 (S.D.N.Y. 2012) (the fraudulent products sold as part of the mail and wire fraud conspiracy were "distributed to individuals or businesses in New York and elsewhere…").

Unlike the above cases, the government has not set forth any allegation that ties Mr. Shea's conduct to the Southern District of New York but for the generalization that the fundraising campaign had been "targeting donors in New York and elsewhere" by way of the allegedly national scope of the campaign. Govt. Opp. at 12. Were this argument to be accepted, any website or public information made available on a national scale would run the possibility of facing litigation in any

2

and all of the federal court jurisdictions. We submit that this assumption is incorrect and incongruous with this Court's venue requirements. Therefore, we respectfully submit that the location of events, and by extension, the evidence likely to be admitted at trial, weigh against venue in the Southern District of New York.

II. **ALL OTHER FACTORS WEIGH IN FAVOR OF VENUE TRANSFER**

There is no dispute that Mr. Shea resides in Colorado, which the government concedes. The argument that he is "better positioned to bear any inconvenience" because he and his wife have "received hundreds of thousands of dollars in connection with the charged scheme," Govt. Opp. at 9, is incorrect in both respects. As the government is well aware, from Mr. Shea's financial disclosure affidavit which qualified him to court-appointed counsel, he does not have any assets at his disposal and the funds that he did have (which were not in the "hundreds of thousands" range) were frozen by the government. As such, the government is fully aware of the fact that Mr. Shea does not have the funds to support himself, much less the travel and expense associated with a lengthy trial.[1]

Likewise, Mr. Shea's witnesses will undoubtedly be from Colorado. While the government submits that we should proffer to the witnesses' expected testimony, the defense is clearly not in a position to opine as to the specifics this early on in the case. As previously stated, however, Mr. Shea intends to put forth a robust case-in-chief regarding his character to which these witnesses will testify. Because these witnesses will all be intimately familiar with Mr. Shea's history and background, they will all hail from Colorado. It is inarguable that their travel expenditures will be costly and burdensome.

---

[1] The government notes that Mr. Shea's transfer would also require a severance from his co-defendants. Govt. Opp. at 16. We note that our motion to transfer venue is not a waiver of Mr. Shea's right to move for severance if and when it is necessary.

3

Lastly, in the unprecedented times of COVID-19, it would be impossible to ignore the fact that most aspects of the regular trial and pre-trial process have been affected, which include the travel of defendants and witnesses. The government's argument that "New York currently has some of the lowest COVID-19 positivity rates in the country," *See* Govt. Opp. at 12, is belied by the most recent statistics indicating upticks in positivity rates that may warrant another state-mandated shutdown.[2] Therefore, the assumption that New York is the safer, easier, or more convenient venue in the context of COVID-19 is merely conjecture subject to day-to-day changes.

## CONCLUSION

For the foregoing reasons, Mr. Shea respectfully requests that the Court grant his motion and transfer this case, pursuant to Rule 21(b), to the U.S. District Court of the District of Colorado.

Dated:   November 17, 2020
　　　　  New York, NY

Respectfully submitted,
　/s/　
John Meringolo, Esq.
Meringolo & Associates, P.C.
*Attorneys for Defendant*
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077

---

[2] https://www.governor.ny.gov/news/governor-cuomo-updates-new-yorkers-states-progress-during-covid-19-pandemic-67