KCH3BANC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                               20 CR 412 (AT)

BRIAN KOLFAGE, STEPHEN BANNON,
ANDREW BADOLATO, and TIMOTHY
SHEA,

            Defendants.

------------------------------x

                                    New York, N.Y.
                                    December 17, 2020
                                    1:00 p.m.

Before:

                    HON. ANALISA TORRES,

                                District Judge

                        APPEARANCES

AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York
ALISON MOE
NICOLAS ROOS
ROBERT SOBELMAN
    Assistant United States Attorneys


SPRINGER AND STEINBERG, P.C.
    Attorneys for Defendant Kolfage
HARVEY STEINBERG

QUINN EMMANUEL URQUHART & SULLIVAN, LLP
    Outgoing Attorneys for Defendant Bannon
WILLIAM BURCK

KCH3BANC

DAVIDOFF HUTCHER & CITRON LLP
     Incoming Attorneys for Defendant Bannon
ROBERT COSTELLO

MAYER BROWN LLP
     Attorneys for Defendant Badolato
          DANIEL STEIN

Meringolo & Associates, P.C
     Attorneys for Defendant Shea
BY:  JOHN C. MERINGOLO

1              (Via Skype)
2              THE DEPUTY CLERK:  20 CR 412, United States v.
3     Kolfage, et al.  The Honorable Analisa Torres is presiding.
4              THE COURT:  Good afternoon.  Before I ask for
5     appearances, I understand, Mr. Burck, that you're moving to
6     withdraw as counsel, and that Mr. Bannon has retained
7     Mr. Costello.  Is that correct?
8              MR. BURCK:  That's correct, your Honor.  And I want to
9     apologize for not being able to join by video.  I tried earlier
10    with the dial in and it doesn't seem to be working for me and
11    it keeps me muted.
12             But you're correct, your Honor.
13             THE COURT:  Then Mr. Burck, you are relieved.
14             MR. BURCK:  Thank you, your Honor.
15             THE COURT:  This matter is proceeding by video
16    conference.  It is open to the public and the press, just as a
17    courtroom would be.  However, recording or rebroadcasting the
18    proceeding is prohibited.
19             I'm joined on this video conference call by my law
20    clerk Isabel Farhi.
21             Would the attorneys make their appearances now.
22             MR. SOBELMAN:  Robert Sobelman, Nicolas Roos and
23    Alison Moe for the United States.  Good afternoon, your Honor.
24             THE COURT:  The attorney for Mr. Kolfage, go ahead.
25             MR. STEINBERG:  Good afternoon, Judge.  Harvey

KCH3BANC

1   Steinberg appearing on behalf of Mr. Kolfage, and he is also
2   appearing.
3              THE COURT:  For Mr. Bannon?
4              MR. COSTELLO:  Good afternoon, your Honor.  Robert
5   Costello for Mr. Bannon.
6              THE COURT:  For Mr. Badolato?
7              MR. STEIN:  Good afternoon, your Honor.  Daniel Stein
8   for Mr. Badolato, and Mr. Badolato is present as well.
9              THE COURT:  And for Mr. Shea.
10             MR. MERINGOLO:  Good afternoon, Judge.  It is John
11  Meringolo for Mr. Shea.
12             THE COURT:  Do all attorneys for the defendants agree
13  that the Constitution, the Federal Rules of Criminal Procedure,
14  and all applicable laws permit this matter to be heard by video
15  conference?
16             Mr. Costello?
17             MR. COSTELLO:  Yes, ma'am, we do.
18             THE COURT:  Mr. Steinberg?
19             MR. STEINBERG:  Yes, Judge.
20             THE COURT:  Mr. Stein?
21             MR. STEIN:  Yes, your Honor.
22             THE COURT:  And Mr. Meringolo?
23             MR. MERINGOLO:  Yes, Judge.
24             THE COURT:  I understand that all of the defendants
25  have signed a waiver of right to be present at this proceeding

after discussions with counsel, but that some of the defendants are present.

For any defendant that is not present, counsel, would you confirm that the defendant has signed a waiver of right to be present?

So then I assume that everyone is present.

Before we begin, pursuant to Federal Rule of Criminal Procedure 5(f), I direct the prosecution to comply with its obligation under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendants, material either to guilt or to punishment, and known to the prosecution.

Possible consequences for non-compliance may include dismissal of individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible.

I will be entering a written order more fully describing this obligation and the possible consequences of failing to meet it, and I direct the prosecution to review and comply with the order.

Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. SOBELMAN:  Yes, your Honor.

THE COURT:  The government was set to produce the first round of discovery on September 29, and then on a rolling

1  basis.  Mr. Sobelman, can you explain to me where things stand?

2              MR. SOBELMAN:  Yes, your Honor.  The first production,
3  which was very substantial, was made for each defendant at
4  slightly different times.  Some were early October, some were
5  later in October, just depending on when we got drives, how
6  long it took to load them.  So it wasn't quite on the exact
7  date that we had endeavored to do, but was shortly thereafter.

8              The government's currently in the process of making a
9  second substantial production.  And I just want to note the
10 production from September was ready to be produced by the date
11 it was due.  There were just, we were waiting on drives and
12 there were some technical issues we had to iron out.

13             We are in the process of producing a second very
14 substantial production.  We have drives from a couple of the
15 defendants, we're waiting on them from a couple of others.  And
16 we expect to be able to make that production in the next few
17 weeks, depending on the technical issues and making sure that
18 we receive drives from everyone.

19             Then there will be a third sort of rolling production
20 that will consist of whatever devices haven't already been
21 produced.  As they're imaged and reviewed, the data that's
22 appropriate to produce from those devices will be produced on a
23 rolling basis, to the extent we haven't already included them
24 in the first or second productions.

25             THE COURT:  When do you expect that you'll be done?

1    MR. SOBELMAN:  It is difficult to say with precision
2 because there are some devices that we haven't gotten into yet
3 that we may yet get into.  And we have a fairly extensive
4 process where a device has to be imaged, then a forensic report
5 created, then it's handed to a filter team who reviews for
6 potentially privileged materials.  Once those materials are
7 removed from the data, it is then handed to the prosecution
8 team that conducts a responsiveness review, and we produce
9 whatever is responsive to the warrant that comes out of that.
10    So I would be happy to give the Court an update
11 perhaps in a few weeks or in a month as to where we're at in a
12 more detailed fashion, but it's very difficult for us to place
13 a particular date, given the state of our various reviews that
14 are ongoing.
15    THE COURT:  So I understand that it's difficult, but
16 just based on your past experience, do you think that you'll be
17 done, say, by the end of January?
18    MR. SOBELMAN:  With every device, I'm not sure that
19 will be possible.  But, we're moving as quickly as we can,
20 although understanding the quantity of data here is quite
21 substantial.  If your Honor is thinking about a potential
22 motion schedule, we would just note that legal process and the
23 defendants' own devices, which are the only ones they would
24 have standing to make a motion related to, all either have been
25 produced already or will be produced in the next few weeks, to

1   the extent we are able to access those devices.

2   THE COURT:  All right.  So, then defense counsel must
3   have an opportunity to review that information and determine
4   whether to submit any motions.  I am trying to figure out a
5   control date when counsel would be able to let me know whether
6   they will proceed with motions.

7   How about February 22.  Any objection to that?

8   MR. SOBELMAN:  None from the government, your Honor.

9   MR. MERINGOLO:  No objection for Mr. Shea.

10  MR. STEIN:  No objection from Mr. Badolato.

11  MR. COSTELLO:  February 22 is a control date, your
12  Honor?

13  THE COURT:  Yes.  It is a date by which I would like
14  you to have reviewed the discovery, and to inform me whether
15  you wish to make any motions.

16  MR. COSTELLO:  That's a little difficult for us to
17  respond to right now because I haven't seen the first
18  production of discovery, and I don't know what devices the
19  government is referring to, so I'm a little bit in the dark
20  here.  I don't object to February 22 as a control date, just to
21  see where we are at that point in time.

22  Does that make sense to the Court?

23  THE COURT:  I understand. I understand.  It's
24  impossible for you to predict at this moment, not having seen
25  anything.

KCH3BANC

1           So, I'll set February 22 as a control date, 1 p.m.
2   And hopefully by then you will have received the remaining
3   discovery, and you will have had an opportunity to review it
4   and to decide whether to bring motions.  If you have not, you
5   will let me know.
6           MR. COSTELLO:  Sure, thank you.
7           THE COURT:  Both the prosecution and the defense can
8   send me updates, to the extent that your production of
9   discovery becomes more certain.
10          MR. COSTELLO:  Yes, your Honor.  That makes sense to
11  me.  I'm sure to the other counsel as well.
12          THE COURT:  Are there any other issues that either
13  side would like to raise at this time?
14          MR. COSTELLO:  I have one.
15          MR. SOBELMAN:  Not from the government, your Honor.
16          MR. COSTELLO:  I have one question, your Honor.  You
17  referenced *Brady* obligations.  Has the government, can the
18  government inform me whether or not they've produced any *Brady*
19  material in the first round of discovery, which I haven't seen
20  yet, but supposedly is on its way to me?
21          THE COURT:  Mr. Sobelman?
22          MR. SOBELMAN:  Your Honor, we would be glad to have
23  this discussion with Mr. Costello offline.  There is a
24  protective order here, and rather than describe particular
25  items in a public forum, we would much prefer to have this

KCH3BANC

1  discussion with him initially.  He never made this query to us,
2  despite us having a conversation just a few days ago.
3           THE COURT:  All right.  I'm going to direct that you
4  have this discussion outside of this conference.
5           Anything further?
6           MR. COSTELLO:  Not from me, your Honor.
7           THE COURT:  All right.  At the last conference, I had
8  excluded time under the Speedy Trial Act through May 24, and
9  that remains in place.
10          I'd like to wish everyone happy holidays and good
11 health.
12          MR. COSTELLO:  Thank you, your Honor.  Same to you.
13          MR. STEIN:  Same to you, Judge.  Thank you.
14          THE COURT:  Thank you.
15          (Adjourned)