**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

- against -

BRIAN KOLFAGE, et al.,

Defendants.

---

20 Cr. 412 (AT)

**MEMORANDUM OF LAW**

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax.: (212) 286-1884
Robert J. Costello (RJC 8301)
E-mail: rjc@dhclegal.com

*Attorneys for Defendant,*
*STEPHEN BANNON*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 6

POINT I NUMEROUS FEDERAL DISTRICT COURT'S HAVE DISMISSED INDICTMENTS FOLLOWING A PARDON BEFORE ANY CONVICTION ........ 6

POINT II AN ADMINISTRATIVE TERMINATION BY THE CLERK'S OFFICE IS NOT AN ACTUAL TERMINATION AND THEREFORE IS NOT AN APPROPRIATE DISPOSITION ........ 9

POINT III THE GOVERNMENT'S RELIANCE ON POST CONVICTION PARDON CASES IS MISPLACED ........ 10

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

## Cases

*Delgrosso v. Spring & Co.,* 903 F.2d 234, 236 (3d Cir. 1990), *cert. denied,* 498 U.S. 967 (1990) .......... 9

*Hirschberg v. Commodity Futures Trading Comm'n,* 414 F.3d 679 (7th Cir. 2005).... 4, 11

*In re North*, 62 F. 3d 1434 (D.C. Cir. 1994) .......... 12

*NCI Group Inc. v. Canon Services,* (N.D. Ga., 2010), 2010 WL11509222 .......... 10

*Nixon v. United States*, 506 U.S. 224 (1993).......... 11

*Penn West Associates v. Cohen,* 371 F.3d 118 (3d Cir. 2004) .......... 9

*United States v. Casey Urlacher*, 20-cr-111-8 (N.D. Ill. 2021).......... 8

*United States v. Colburn et al*., 19-cr-10080,(D. Mass. 2021).......... 7

*United States v. Dwayne Carter*, 20-cr-20222 (S.D. Fla. 2021).......... 7

*United States v. Joseph Arpaio*, 16-cr-01012, (D. Az. 2017).......... 7

*United States v. Kenneth Kurson*, 20-mj-990 (RLM) .......... 8

*United States v. Michael T. Flynn*, 2020 WL 7230702, (D. D. C. 2020) .......... 6

*United States v. Noonan,* 906 F. 2d 952 (3d Cir. 1990).......... 11

*United States v. Schaffer,* 240 F.3d 35 (D.C.Cir 2001) (en banc) .......... 6

*United States v. Stokes,* 14-cr-290 (N.D. Ga. 2017), 2017 WL 5986231 .......... 10

*United States v. Swift*, 186 F. 1002 (N.D. Ill. 1911) .......... 11

*W. Watersheds Project v. Bernhardt*, 392 F. Supp. 3d 1225 (D. Or. 2019).......... 12

## Preliminary Statement

This memorandum is submitted in support of our request that this Court enter an Order dismissing Indictment 20-cr-0412, solely as to Stephen Bannon, in light of the January 19, 2021 grant of a Full and Unconditional Pardon to Stephen Bannon by then President Donald J. Trump.

## Statement of Facts

On August 17, 2020, a Grand Jury in the Southern District of New York returned an Indictment charging Stephen Bannon and three others. That Indictment was placed under seal.

On August 20, 2020, Stephen Bannon was arrested and Indictment 20-cr-0412 was unsealed.

Prior to trial on this matter and any determination of guilt or innocence, on January 19, 2021, then President Donald J. Trump, granted a full and unconditional pardon to Stephen Bannon for the offenses specified in Indictment 20-cr-0412. Shortly after receiving the pardon papers, Stephen Bannon executed the document acknowledging and accepting that pardon. That acceptance was returned to the Office of the Pardon Attorney, and then forwarded to the United States Attorney for the Southern District of New York, through Assistant United States Attorney Nicolas Roos.

On February 1, 2021, the United States Attorney's Office for the Southern District of New York forwarded the pardon papers, together with the pardon acceptance, to the Clerk of the Court for the Southern District of New York. There was no docket entry for this action. Sometime after February 1, 2021, the Clerk of the Court forwarded the pardon materials to this Court.

On February 9, 2021, Bannon's counsel sent an email to the Court through the Court's Law Clerk, asking for a clarification of Mr. Bannon's status in light of the pardon. There was no response to that request, but on February 11, 2021, this Court entered Docket Entry 79, under the date of January 19, 2021 (the date of the pardon). That docket entry simply recited the operative language contained in the pardon document. Nothing else was done to the docket so Stephen Bannon appeared to continue to be a defendant in this indictment. Stephen Bannon was not dismissed or administratively terminated, and no counts naming Stephen Bannon were dismissed or administratively terminated. Additionally, Stephen Bannon's bail and bail conditions were not exonerated.

Although the Docket Sheet continued to list Stephen Bannon as a defendant and none of the counts against him were terminated, the United States Attorney's Office took a different view and began treating Mr. Bannon as a former defendant: (1.) who was not entitled to discovery; (2.) was not entitled to review an affidavit in support of the post indictment restraining order for one of Stephen Bannon's 501(C) (4) organizations, that had been provided to the other defendants; and (3.) counsel for Bannon was reminded that he had to return or destroy the discovery materials already provided. In other words, the Government was treating Mr. Bannon as if he was no longer part of Indictment 20-cr-0412. In the Government's eyes, Stephen Bannon was a former defendant, now considered to be a third party.

Over the next week, Counsel for Mr. Bannon and the Government engaged in email and telephone communications, in an attempt to clarify Stephen Bannon's status with respect to the Indictment and his bail and bail conditions. Ultimately, on February 18th, 2021, with the full knowledge of AUSA Nicolas Roos, Bannon's counsel wrote to the

Court informing it that the U.S. Attorney's office had consented to the exoneration of bail and bail conditions but expressed a desire to be heard on the issue of dismissing the Indictment as to Mr. Bannon. That letter motion to this Court, with a copy to AUSA Nicolas Roos, requested that the Court enter an order dismissing the Indictment as to Stephen Bannon alone pursuant to the Presidential Pardon. Counsel for Bannon noted that the Government wanted to be heard on the question of dismissing the Indictment.

Following a Court ordered extension of time, one week later, on February 25, 2021, the Government docketed its letter response to the Bannon request, reiterating that they did not object to the exoneration of bail, but that they objected to dismissing the indictment. The Government objected stating that: "a pardon does not blot out guilt or expunge a judgment of conviction…a pardon does not blot out probable cause or expunge an indictment." The Government cited another case that stated that a pardon "involves forgiveness, not forgetfulness." Clearly, the Government appeared to have misperceived the Bannon request. Stephen Bannon does not seek to expunge the Indictment. Stephen Bannon does not seek to re-write history. Stephen Bannon does not seek a declaration nullifying the finding of probable cause which is implicit in voting an indictment, as it is with an arrest warrant. An Order dismissing the Indictment as to Mr. Bannon does none of the things the Government seems to be concerned with. Mr. Bannon is seeking a dismissal from this indictment because of the pardon which means that Mr. Bannon will never be brought to trial in this Court on the charges specified in this Indictment. Mr. Bannon is presumed by the Constitution to be an innocent man. That presumption of innocence is not removed by an indictment. The presumption of innocence can only be removed by a conviction which will never happen in this case. The

only purpose of an indictment is to apprise an individual of the charges against him or her, and to bring that defendant to trial based upon those charges. That will not happen in this case because of the pardon. The continuation of the indictment under these circumstances serves no legitimate purpose.  An "administrative termination" which is proposed by the Government is inadequate, as it suggests a temporary suspension that might be revived in the future. There is no future prosecution under this indictment with a pardon, Mr. Bannon will never be tried in this Court on the charges contained in this Indictment.

In an effort to support its opposition to dismissal, the Government talks about a "broader effect" than the pardon itself to support its opposition. Each of the cases they rely upon stands for a variation on the proposition that a pardon does not erase history. We agree that a pardon does not undue the fact of an Indictment or its finding of probable cause. If facts were established, which is not the case here, those facts would not be undone by the existence of a pardon.  Indeed, none of the factual scenario's the Government mentions in the cases they cite, have any bearing whatsoever to Mr. Bannon and his pardon. For example, the Government cites a case, *Hirschberg v. Commodity Futures Trading Comm'n,* 414 F.3d 679, 682 (7th Cir. 2005)*,* stating the proposition that a pardon does not wipe out the factual predicates for a fraud conviction, which factual predicates could later be used to deny a brokerage license. That case is totally inapplicable to this case, because in that case there was a conviction before the pardon. The facts established that supported the conviction were not wiped out by the pardon, only the punishment was. In this case, there are no facts that have been established, because there has been no trial, and no finding of guilt, so the presumption of innocence

still stands. Simply put, there are no established facts that Stephen Bannon is seeking to eradicate, nor could he, if those facts had been established. Stephen Bannon is not seeking to prevent any organization or person from forgetting history. Anything that is established by a finding of probable cause has been established and dismissing a defendant from an Indictment does not eradicate the probable cause finding. We do not understand why the Government is so concerned about a probable cause finding, because it is elemental that a probable cause finding does not overcome the presumption of innocence. All we have to do to be certain of this simple, but very important fact, is to review the press release announcing the Indictment in this case. In that release, the Government was careful to remind the reading public:

> "The charges contained in the Indictment are merely accusations.
> The defendants are presumed innocent unless and until proven guilty."

In a footnote the Government added:

> "As the introductory phrase signifies, the entirety of the text of the
> Indictment, and, the description of the Indictment set forth herein,
> and every fact described therein should be treated as an allegation."

Ironically, the Government failed to cite a single case to support its opposition to the dismissal of an indictment prior to conviction following a pardon, yet it criticized Bannon for failing to cite a case in favor of a dismissal following a pardon, because Bannon erroneously believed the request would be uncontested. Mr. Bannon's mistake will not be repeated again. As the rest of this memorandum of law will reveal, there are numerous cases where District Courts have dismissed indictments following a pardon when there has been no conviction. As this Court will undoubtedly recognize, the issue of dismissal from the indictment, does not arise in cases where the pardon follows a conviction, which constitutes the vast majority of cases involving pardons.

## ARGUMENT

## POINT I

### Numerous Federal District Courts have dismissed Indictments following a pardon before any conviction

The issue before this Court is whether it is appropriate to dismiss an Indictment against a defendant who has been pardoned prior to any determination of guilt. The answer to that question is emphatically yes and is demonstrated by the numerous examples that follow. Included in the cases cited here are a number of recent cases that followed the string of pardons that President Trump issued on January 19, 2021, on his last full day in office.

In one of the most publicized cases in recent memory, *United States v. Michael T. Flynn*, 2020 WL 7230702, (D. D. C. 2020), Judge Emmet Sullivan, after initially refusing to dismiss an Information against General Flynn at the request of both the Government and Defense Counsel, finally relented, but only after President Trump issued a full and unconditional pardon. Judge Sullivan noted the pardon in his accompanying memorandum, and then entered an order dismissing Information 17-cr-0232 as moot. (Exhibit 1). Judge Sullivan, who was facing the same issue as the one before this Court stated:

> "Because the law recognizes the President's political power to pardon, **the appropriate course is to dismiss this case as moot."** (emphasis added)

Judge Sullivan further noted that in cases where finality was never reached on the legal question of the defendant's guilt, all opinions, judgments and verdicts of the court are vacated. *United States v. Schaffer,* 240 F.3d 35,38 (D.C.Cir 2001) (en banc).

In *United States v. Joseph Arpaio*, 16-cr-01012, (D. Az. 2017) (U.S.D.J. Susan R. Bolton), Joseph Arpaio, the then Maricopa County, Arizona Sheriff, defied an injunction directing him to cease arresting immigrants on suspicion that they were illegal and was tried for criminal contempt. The Court found him guilty of the criminal contempt, but before judgment could be imposed, President Trump granted Arpaio a full and unconditional pardon. Following the presidential pardon, the action for criminal contempt was dismissed with prejudice. (Exhibit 2).

More recently, one of the January 19, 2021 pardons granted by President Trump was to Dwayne Michael Carter, more popularly known in the music industry as “Lil Wayne”. Following the presidential pardon, the docket sheet for his matter, *United States v. Dwayne Carter*, 20-cr-20222 (S.D. Fla. 2021) (U.S.D.J. Kathleen Walker) reads at entry 23: “Executive Grant of Clemency-Order Dismissing Indictment as to Dwayne Michael Carter. Count 1 Dismissed as to Dwayne Michael Carter.” (Exhibit 3).

In another famous case involving one of 19 defendants, mostly from Hollywood, who were accused of bribing college athletic officials and others, to gain entrance for their children to the University of Southern California, the indictment was dismissed following a pardon. On January 19, 2021, President Trump granted a full and unconditional pardon to Robert Zangrillo, who was one of nineteen defendants in indictment, *United States v. Colburn et al.*, 19-cr-10080,(D. Mass. 2021) (U.S.D.J. Nathaniel M. Gorton). Following the acceptance of the pardon, defense counsel Martin Weinberg, Esq. sent an email to the prosecutor requesting that the Government dismiss Robert Zangrillo from the Fourth Superseding Indictment. The District Court granted the Government’s request on February 10, 2021. (Exhibit 4).

Closer to home, in the Eastern District of New York, defendant Kenneth Kurson was named in a complaint with stalking, in violation of 18 U.S.C. 2261, (a Complaint, like an Indictment, carries a finding of probable cause). Following the January 19, 2021, pardon by then President Donald Trump, AUSA Ryan Harris of the EDNY, filed a Motion to Dismiss the Complaint, *United States v. Kenneth Kurson*, 20-mj-990, (E.D.N.Y. 2021) (RLM) on February 4, 2021 which was "so ordered" that same day by United States Magistrate Judge Roanne L. Mann. (Exhibit 5).

In the spirit of full disclosure, we found one pardon case from the group of President Trump January 19, 2021 pardons, which was disposed of with an "administrative termination". In *United States v. Casey Urlacher*, 20-cr-111-8 (N.D. Ill. 2021) (U.S.D.J. Virginia Kendall), following the January 19, 2021 pardon by President Trump, the Court *sua sponte*, with no input from either the United States Attorney's Office or defense counsel, entered an order (Exhibit 6) directing the Clerk to: "1) terminate all motions as to Casey Urlacher; and 2) administratively terminate all pending charges against Casey Urlacher as (of) January 19, 2021 pursuant to the Grant of Clemency." We submit that this determination was the exception to the rule, and as we demonstrate below was, as Judge Emmet Sullivan said in the Flynn case, not the appropriate way to deal with an indictment (or Information) where a pardon was granted prior to trial. Additionally, as shown in Point II below, an "administrative termination" is not a real termination, because it does not finally terminate the matter as to that individual and indeed anticipates future actions against that individual which is certainly not the case with an individual who has been pardoned.

**POINT II**

**AN ADMINISTRATIVE TERMINATION BY THE CLERK'S OFFICE IS NOT AN ACTUAL TERMINATION AND THEREFORE NOT AN APPROPRIATE DISPOSITION.**

Administratively terminating an Indictment is not the equivalent of a dismissal with prejudice. An "administrative termination" is a misnomer, because it does not actually terminate the legal proceeding. A direction to the Clerk's Office to "administratively terminate" an indictment is not a final determination as it "permits reinstatement and contemplates the possibility of future proceedings". *Delgrosso v. Spring & Co.,* 903 F.2d 234, 236 (3d Cir. 1990), *cert. denied,* 498 U.S. 967 (1990). In *Penn West Associates v. Cohen,* 371 F.3d 118 (3d Cir. 2004)*,* the Third Circuit again reviewed the meaning and effect of an "administrative termination". The Third Circuit found that "an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket." An "administrative termination" is proper in the case of a fugitive, because it removes the criminal case from the district court's docket while allowing the matter to be reactivated whenever the fugitive is apprehended. Here in this case, as a result of the grant of a full and unconditional pardon, Mr. Bannon will never be tried in this district on these charges. The matter must be terminated with finality and the mechanism for that is to dismiss this Indictment as to Mr. Bannon. Anything less fails to recognize the finality effect of a presidential pardon. In *NCI Group Inc. v. Canon Services,* (N.D. Ga., 2010), 2010

WL11509222, Chief Judge Julie Carnes stated:

> "The practice of administratively terminating a case is a long-standing one in this court and presumably other district courts in the federal system. It is not a dismissal of the action, but an administrative way of recognizing that an action has been stayed and that the judge to whom it is assigned is unable to take any action on the case during the pendency of that stay. In short, an administrative termination is intended for the internal use of the Court and is akin to a bookkeeping entry and a place keeper for the case until it is appropriate to reactivate litigation."

Accord, *United States v. Stokes,* 14-cr-290 (N.D. Ga. 2017), 2017 WL 5986231 (An action which is administratively closed is tantamount to a stay, the action is not terminated.).

Here, there will never be a reactivation of the criminal matter in this indictment as to Mr. Bannon. We do not seek a temporary stay as the Government apparently proposes, rather we seek an order with finality, consistent with the pardon that determines that there will never be a trial or any punishment by this court for Stephen Bannon as a result of the allegations contained in this indictment. Anything less than a dismissal of Mr. Bannon from this indictment with its' statement of finality, will be a fiction.

**POINT III**

**THE GOVERNMENT'S RELIANCE ON POST CONVICTION PARDON CASES IS MISPLACED**

In its opposition letter docketed as No. 86, the Government cited a number of cases dealing with pardons, but none of which dealt with the issue of disposing of an indictment following a pardon where there has been no determination of guilt or entry of punishment. Notably, the Government has failed to cite a single case where a Court has held that dismissing the Indictment following a pardon is improper or inappropriate.

In *Nixon v. United States*, 506 U.S. 224, 232 (1993) the Government offers its holding that **in cases where a defendant has been convicted**, the pardon "does not blot out or expunge the judgment of conviction. We agree, we do not challenge that proposition, but we note again that Mr. Bannon has not been convicted. Mr. Bannon remains presumptively innocent.

In another example of an inappropriate case citation, the Government references *United States v. Noonan,* 906 F. 2d 952 (3d Cir. 1990) for the proposition that a presidential pardon is not a basis for expungement. We do not disagree with that proposition, nor could we. In the case of Mr. Bannon, we are not seeking to have anything expunged. Mr. Bannon has not been convicted of anything and is therefore constitutionally presumed innocent. We do not now, and have never sought to have the Indictment expunged as to Mr. Bannon, rather we seek to have Mr. Bannon dismissed from the indictment. We do not and have not sought "forgetfulness" as stated in another Government citation, *United States v. Swift*, 186 F. 1002 (N.D. Ill. 1911).

The Government apparently fears that dismissing Mr. Bannon from an indictment in which he has been pardoned "could have a broader effect than the pardon itself, among other things potentially relieving Bannon of certain consequences not covered by the pardon." The Government wants to punish this presumptively innocent man, for reasons known only to themselves. That does not make it appropriate. The Government then gives three examples in cases they cite that the pardon "does not wipe out factual predicates, for fraud conviction, which were considered in denying (a) broker application" *Hirschberg v. Commodity Futures Trading Comm'n,* 414 F.3d 679,682 (7th Cir. 2005); or the denial of attorney's fees because the pardoned individual was actually indicted, *In re*

*North*, 62 F. 3d 1434 (D.C. Cir. 1994) or finally considering charged conduct in denying a permit application, *W. Watersheds Project v. Bernhardt*, 392 F. Supp. 3d 1225 (D. Or. 2019). In each of the cases relied upon, there was a factual predicate established that those pardoned individuals sought to wipe out or obliterate. That is not the case with Mr. Bannon. Other than the fact of the indictment's existence, there are no other facts determined against Mr. Bannon. Dismissal of Mr. Bannon from the current indictment does not mean that Mr. Bannon was never indicted, it just means that Mr. Bannon is not indicted now for the charges specified in the indictment, and therefore Mr. Bannon will not be tried, convicted or punished on these charges in this court ever. An administrative termination may help the Court with its docket, but it does not provide the finality that Mr. Bannon is entitled to as a result of the pardon, because he will never be tried, convicted or punished by this court on the allegations of this indictment

**CONCLUSION**

For the foregoing reasons it is respectfully submitted that the appropriate procedure to be employed in the case of a pretrial pardon is that the indictment should be dismissed as to the individual pardoned. A pardon is a permanent prohibition against trying, convicting and punishing the recipient of the pardon for the charges stated in the indictment. A pardon is a permanent resolution of the matter pending against the individual pardoned. To reflect that permanent status, the indictment should be dismissed as to the pardoned individual. An "administrative termination" is not a termination at all. An "administrative termination" is the equivalent of a stay, whose only function is to remove the case from the district court's active docket. It does not result in finality for the individual pardoned. An "administrative termination" presumes future activity and is

therefore only a temporary status. An "administrative termination" is not an actual termination equivalent to the permanent bar to a prosecution, conviction or punishment of the individual pardoned. Dismissing the indictment is required, otherwise it would also violate the Speedy Trial Act. For all of the foregoing reasons, it is respectfully submitted that the appropriate thing to do as Judge Sullivan said, is for this Court to enter an order dismissing the indictment as to Stephen Bannon.

Dated: New York, New York
March 18, 2021

Respectfully submitted,

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ ______________________
Robert J. Costello
rjc@dhclegal.com
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200

*Attorneys for Defendant STEPHEN BANNON*