**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

March 9, 2022

**VIA ECF**
Honorable Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Timothy Shea, et al.,* 20-CR-412 (AT)

Dear Judge Torres:

    On behalf of defendant Timothy Shea in the above-captioned matter, we respectfully write in response to the Court's order, dated February 14, 2022, scheduling a joint trial of Mr. Shea and co-defendant Brian Kolfage on May 16, 2022, with co-defendant Andrew Badolato scheduled for a June 6, 2022 trial date. Dkt. #150. For the reasons set forth below, Mr. Shea should proceed to trial alone, after the joint trial of co-defendants Brian Kolfage and Andrew Badolato.

    Firstly, Mr. Shea respectfully reiterates his arguments for severance as previously asserted in his motion to sever his trial from that of his co-defendants under Rule 14(a) of the Federal Rules of Criminal Procedure. Dkt. #136. Namely, that Mr. Kolfage's position as the founder and CEO of We Build the Wall ("WBTW"), which placed him front and center as the campaign's spokesperson, garnered him large-scale publicity and notoriety. As the figurehead of WBTW, as well as a decorated Air Force veteran, extremely involved in various causes for veterans, Mr. Kolfage has traveled the country and spoken before countless people. Even now, Mr. Kolfage maintains a strong social media presence, including his own website, where he has, in the past, shared opinions about the case.

    Although Mr. Kolfage is a public figure in his own right, part of the reason WBTW enjoyed so much widespread publicity is undoubtedly due to the involvement of Stephen Bannon, an polarizing individual who, in these current times, has the ability to instantaneously politicize any circumstance. Mr. Bannon, though no longer a co-defendant due to former President Trump's pardoning powers, is inextricably linked to WBTW and his long-time friend, Mr. Badolato, as the two were already working together at another non-profit when they became involved with WBTW. *See* Indictment at ¶ 6. Mr. Badolato himself has enjoyed his fair share of media publicity, mostly through his associations with Mr. Bannon and from his own, separate criminal allegations.

    Overall, the notoriety and polarization that innately swirls around these individuals would be impossible for Mr. Shea to avoid in a joint trial. Furthermore, it would be difficult, if not

1

impossible, to imagine any intelligent and competent prospective juror to adequately show that they do not possess any biases toward these well-known individuals, particularly Mr. Bannon. If tried alone, many of the abovementioned topics could be curtailed, if not entirely avoided. For example, evidence concerning Mr. Bannon's history and relationship with Mr. Badolato and Mr. Kolfage – as well as their other dealings – would be, at the very least, appropriate for defense counsel to challenge from an evidentiary perspective. Therefore, a separate trial would not only avoid spillover prejudice against Mr. Shea but also streamline the entire trial process, as we respectfully submit evidence concerning Mr. Bannon and Badolato would be largely irrelevant.

Secondly, without wholly restating the arguments already presented and considered by the Court in Mr. Shea's motion for severance, the allegations against Mr. Kolfage and Mr. Badolato are of a different nature than those against Mr. Shea. Although alleged to be part of the same conspiracies to commit fraud and money laundering, the distinct difference is that Mr. Kolfage is alleged to have received hundreds and thousands of dollars, *See* Indictment at ¶ 1, while Mr. Shea is not alleged to have actually received any such monetary gain. Likewise, it is alleged that within days of becoming involved with WBTW, Mr. Bannon and Mr. Badolato "took significant control" of the campaign. *Id.* at ¶ 7. These two individuals – not Mr. Shea – were the ones that oversaw the creation of WBTW as a new Section 501(c)(4), as it is currently known (the first iteration of their campaign was known as "We the People Build the Wall") with Mr. Kolfage. *Id.* Likewise, the representations made by Mr. Bannon, Mr. Badolato, and Mr. Kolfage in connection to fundraising – not those made by Mr. Shea - were the ones that formed the underlying basis of the fraud charges. Therefore, while we appreciate the Court's strong preference for trying alleged co-conspirators together, we respectfully suggest that Mr. Shea's role is so nominal in comparison that a separate trial would be warranted under Rule 14(a).

Lastly, the Court has already expressed its intention to hold two separate trials in light of COVID-19 concerns and court protocols that can permit only two-defendant trials. Dkt. #148. We submit that in light of these constraints, it is fair, just, and sensical to try the two larger-scale defendants – Mr. Kolfage and Mr. Badolato – together. We are under the assumption that the government's preference for a joint trial of Mr. Shea and Mr. Kolfage is only due to the fact that Mr. Badolato may plead guilty. However, the government has not given any definitive indication of Mr. Badolato's status, only that, as stated in their recent submission, dated March 7, 2022, that they "do not anticipate that a trial on the charges against Mr. Badolato will be necessary." Dkt. #151. The letter offers no substantive information concerning the disposition of Mr. Badolato's case, only noting that the government "would provide additional information about the status of the parties' discussions in a sealed submission." *Id.* Although the government and Mr. Badolato certainly have the right to retain confidentiality during these negotiations, the government cannot use tentative plea discussions as a shield against appropriate trial scheduling and the sensical pairing of defendants. As the Court has already determined that all three defendants cannot be tried together, and as Mr. Badolato, for all intents and purposes, remains an active defendant in this case, there is no reasonable argument as to why Mr. Shea should be tried together with any of them.

Therefore, for the foregoing reasons, Mr. Shea respectfully requests that his trial be scheduled separately from that of his co-defendants.

Thank you for your consideration of this request.

Sincerely,

/s/
John Meringolo, Esq.

CC: All counsel (via ECF)