UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                :

UNITED STATES OF AMERICA       :
                                :

          - *v.* -           :                 20 Cr. 412 (AT)
                                :

TIMOTHY SHEA,               :
                                :

           Defendant.     :
                                :
-------------------------------------------------------x

## <u>THE PARTIES' JOINT REQUESTS TO CHARGE</u>

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following in its instructions to the jury.   Proposed instructions highlighted in blue are proposed solely by the Government and are objected to by the defendant. Proposed instructions highlighted in yellow are proposed solely by the defendant and are objected to by the Government.

Table of Contents

REQUEST NO. 1 ................................................................................................ 5
Function of Court and Jury ............................................................................... 5
REQUEST NO. 2 ................................................................................................ 6
Jury's Recollection Governs .............................................................................. 6
REQUEST NO. 3 ................................................................................................ 7
Note-Taking by Jurors ...................................................................................... 7
REQUEST NO. 4 ................................................................................................ 8
Duty to Base Verdict on Evidence .................................................................... 8
REQUEST NO. 5 ................................................................................................ 9
Statements of Court and Counsel Not Evidence ............................................... 9
REQUEST NO. 6 .............................................................................................. 10
Duty to Weigh Evidence Without Prejudice ................................................... 10
REQUEST NO. 6 .............................................................................................. 11
Government as a Party ..................................................................................... 11
REQUEST NO. 7 .............................................................................................. 12
Burden of Proof ............................................................................................... 12
REQUEST NO. 8 .............................................................................................. 13
Presumption of Innocence ............................................................................... 13
REQUEST NO. 9 .............................................................................................. 14
Reasonable Doubt ............................................................................................ 14
REQUEST NO. 10 ............................................................................................ 15
Direct and Circumstantial Evidence ............................................................... 15
REQUEST NO. 11 ............................................................................................ 17
Inferences ........................................................................................................ 17
REQUEST NO. 12 ............................................................................................ 18
Credibility of Witnesses .................................................................................. 18
REQUEST NO. 13 ............................................................................................ 20
The Indictment ................................................................................................ 20
REQUEST NO. 14 ............................................................................................ 22
Counts One and Two: Conspiracy Offenses – Background and Elements of Conspiracy ..... 22
REQUEST NO. 15 ............................................................................................ 24
Counts One and Two: Wire Fraud Conspiracy and Money Laundering Conspiracy ............ 24
First Element: Existence of a Conspiracy ....................................................... 24
REQUEST NO. 16 ............................................................................................ 28
Counts One and Two: Wire Fraud Conspiracy and Money Laundering Conspiracy ............ 28
Second Element: Participation ......................................................................... 28
REQUEST NO. 17 ............................................................................................ 31
Count One: Wire Fraud Conspiracy ................................................................ 31
Elements of Wire Fraud Conspiracy ............................................................... 31
REQUEST NO. 18 ............................................................................................ 32
Count One: Wire Fraud Conspiracy ................................................................ 32
Elements of Substantive Wire Fraud .............................................................. 32
REQUEST NO. 19 ............................................................................................ 34
Count One: Wire Fraud Conspiracy ................................................................ 34
Wire Fraud – First Element – Existence of a Scheme or Artifice .................. 34

REQUEST NO. 20...................................................................................................... 36
Count One: Wire Fraud Conspiracy ........................................................................... 36
Wire Fraud – Second Element – Knowledge and Intent to Defraud ...................... 36
REQUEST NO. 21 ...................................................................................................... 38
Count One: Wire Fraud Conspiracy ........................................................................... 38
Wire Fraud – Third Element – Interstate Wires ....................................................... 38
REQUEST NO. 22 ...................................................................................................... 40
Count Two: Money Laundering Conspiracy ............................................................. 40
Elements of Money Laundering Conspiracy ............................................................. 40
REQUEST NO. 23 ...................................................................................................... 41
Count Two: Money Laundering Conspiracy ............................................................. 41
Objects of Money Laundering Conspiracy ................................................................ 41
REQUEST NO. 24 ...................................................................................................... 42
Count Two: Money Laundering Conspiracy ............................................................. 42
Elements of Substantive Concealment Money Laundering ..................................... 42
REQUEST NO. 25 ...................................................................................................... 43
Count Two: Money Laundering Conspiracy ............................................................. 43
Substantive Concealment Money Laundering– Element One: Financial Transaction ........... 43
REQUEST NO. 26 ...................................................................................................... 45
Count Two: Money Laundering Conspiracy ............................................................. 45
Substantive Concealment Money Laundering– Element Two: Proceeds of Specified
Unlawful Activity ......................................................................................................... 45
REQUEST NO. 27 ...................................................................................................... 46
Count Two: Money Laundering Conspiracy ............................................................. 46
Substantive Concealment Money Laundering– Element Three: Knowledge That Proceeds
Was of Unlawful Activity ............................................................................................ 46
REQUEST NO. 28 ...................................................................................................... 47
Count Two: Money Laundering Conspiracy ............................................................. 47
Substantive Concealment Money Laundering– Element Four: Intent to Conceal ................ 47
REQUEST NO. 29 ...................................................................................................... 49
Count Two: Money Laundering Conspiracy ............................................................. 49
Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified
Unlawful Activity – Elements ..................................................................................... 49
REQUEST NO. 30 ...................................................................................................... 50
Count Two: Money Laundering Conspiracy ............................................................. 50
Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified
Unlawful Activity – First Element: Engaging in a Monetary Transaction ............... 50
REQUEST NO. 31 ...................................................................................................... 51
Count Two: Money Laundering Conspiracy ............................................................. 51
Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified
Unlawful Activity – Second Element: Transaction Involved Criminally Derived Property
Over $10,000................................................................................................................ 51
REQUEST NO. 32 ...................................................................................................... 52

Count Two: Money Laundering Conspiracy ...................................................................... 52

Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Third and Fourth Elements: Property Derived From Specified Unlawful Activity .................................................................................................................................. 52

REQUEST NO. 33 ................................................................................................................ 53

Count Two: Money Laundering Conspiracy ...................................................................... 53

Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Fifth Element: Transaction Took Place in the United States ................ 53

REQUEST NO. 34 ................................................................................................................ 54

Conscious Avoidance ............................................................................................................ 54

REQUEST NO. 35 ................................................................................................................ 57

Venue ..................................................................................................................................... 57

REQUEST NO. 36 ................................................................................................................ 58

Motive ................................................................................................................................... 58

REQUEST NO. 37 ................................................................................................................ 59

Negligence Of A Victim Not A Defense ............................................................................. 59

REQUEST NO. 38 ................................................................................................................ 60

Persons Not on Trial ............................................................................................................. 60

REQUEST NO. 39 ................................................................................................................ 61

Law Enforcement or Government Witnesses ...................................................................... 61

REQUEST NO. 40 ................................................................................................................ 62

Cooperating Witnesses Testimony ...................................................................................... 62

REQUEST NO. 41 ................................................................................................................ 65

Immunized Witnesses ........................................................................................................... 65

REQUEST NO. 42 ................................................................................................................ 66

Preparation of Witnesses ..................................................................................................... 66

REQUEST NO. 43 ................................................................................................................ 67

False Exculpatory Statements .............................................................................................. 67

REQUEST NO. 44 ................................................................................................................ 68

Similar Acts ........................................................................................................................... 68

REQUEST NO. 45 ................................................................................................................ 70

Limited Evidence .................................................................................................................. 70

REQUEST NO. 46 ................................................................................................................ 71

Particular Investigative Techniques ..................................................................................... 71

REQUEST NO. 47 ................................................................................................................ 72

Use of Audio and Video Recordings and Transcripts ........................................................ 72

REQUEST NO. 48 ................................................................................................................ 73

Use of Evidence Obtained Pursuant to Searches and Seizures ........................................... 73

REQUEST NO. 49 ................................................................................................................ 74

Charts and Summaries: Admitted as Evidence ................................................................... 74

REQUEST NO. 50 ................................................................................................................ 75

Charts and Summaries: Not Admitted as Evidence ............................................................ 75

REQUEST NO. 51 ................................................................................................................ 76

Stipulations of Testimony ............................................................................... 76
REQUEST NO. 52 .......................................................................................... 77
Stipulations of Fact ........................................................................................ 77
REQUEST NO. 53 .......................................................................................... 78
Redaction of Evidentiary Items ..................................................................... 78
REQUEST NO. 54 .......................................................................................... 79
Variance in Dates and Amounts ..................................................................... 79
REQUEST NO. 55 .......................................................................................... 80
Character Witnesses ....................................................................................... 80
REQUEST NO. 56 .......................................................................................... 81
Uncalled Witnesses – Equally Available or Unavailable .............................. 81
REQUEST NO. 57 .......................................................................................... 82
Expert Testimony ........................................................................................... 82
REQUEST NO. 58 .......................................................................................... 83
Defendant's Testimony ................................................................................... 83
REQUEST NO. 59 .......................................................................................... 84
Defendant's Right Not to Testify ................................................................... 84
REQUEST NO. 60 .......................................................................................... 85
Improper Considerations ................................................................................ 85
REQUEST NO. 61 .......................................................................................... 86
Punishment Is Not to Be Considered by the Jury .......................................... 86
REQUEST NO. 62 .......................................................................................... 87
Sympathy: Oath as Jurors .............................................................................. 87
REQUEST NO. 63 .......................................................................................... 89
Conclusion ...................................................................................................... 89

## REQUEST NO. 1

### Function of Court and Jury

We are now approaching the most important part of this case, your deliberations.   You have now heard all the evidence in the case as well as the final arguments of the lawyers.   My duty at this point is to instruct you on the law.   It is your duty as jurors to follow the law as I state it and to apply the law to the facts as you find them from the evidence presented.

On these legal matters, you must take the law as I give it to you.   If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.   Moreover, you should not single out any instructions as alone stating the law.   Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state, regardless of any opinion that you may have as to what the law may be or ought to be.   It is your sworn duty to base your verdict upon the law as I give it to you.

Your role is to evaluate and decide the fact issues in this case.   You are the sole and exclusive judges of the facts.   You weigh the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 394-95).

## REQUEST NO. 2

### Jury's Recollection Governs

In discharging your duty as jurors, you should be governed by your recollection of the evidence.   If your recollection of the facts differs from what a party has stated in opening or closing arguments, you should rely on your recollection.   If a party made a statement during their opening statements or summations, and you find that there is no evidence to support the statement, you should disregard the statement.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1725).

**REQUEST NO. 3**

**Note-Taking by Jurors**

For those of you who took notes during the trial, your notes are to be used only to refresh your memory during deliberations.   They may not be shared with other jurors.   They may not be used as authority to persuade your fellow jurors as to what a witness did or did not say. Your notes are not superior to your or your fellow jurors' independent recollections.   Those of you who did not take notes should not be influenced by the fact that other jurors may have taken notes.   Rather, you should rely on your own independent recollection of the evidence.

Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 424-25).

## REQUEST NO. 4

## Duty to Base Verdict on Evidence

Your verdict must be based solely upon the evidence developed at trial.   The evidence in this case consists of the sworn testimony of witnesses, on both direct and cross-examination; the exhibits received in evidence; and the stipulations of the parties.

In contrast, you may not consider exhibits that were marked for identification or any other document that you may have seen or heard about but was not received as evidence.   Only those exhibits actually received may be considered as evidence.   Similarly, testimony that has been excluded, stricken, or that you may have been instructed to disregard must be ignored. Some evidence has been received for limited purposes only.   When I have given you a limiting instruction as to such evidence, you must follow that instruction and consider such evidence for only the limited purpose that I allow.

> Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 396).

## **REQUEST NO. 5**

### **Statements of Court and Counsel Not Evidence**

What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.   Nothing that I may have said during the trial or may say during these instructions constitutes evidence.

Questions asked by the attorneys or even myself are not evidence.   Only questions coupled with answers are evidence.   Therefore, you may not infer any fact from the mere asking of a question.   Moreover, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

Adapted from the Jury Charge in *United States v. Frierson*,
No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 424-25).

9

## REQUEST NO. 6

### Duty to Weigh Evidence Without Prejudice

You are to perform the duty of weighing the evidence and finding the facts without bias or prejudice as to any party.   You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community.   Equally, it is important to the defendant, who is charged with serious crimes.[1]

> Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 405-06); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 2-5 ("The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.").

---

[1] The Government notes that these two sentences are entirely proper and are direct quotations from the Jury Charge in *Frierson* and *Modern Federal Jury Instructions-Criminal*'s Instruction 2-5.   *See United States v. Miller*, 752 F. App'x 51, 55 (2d Cir. 2018) (district court's instruction that "the case was 'important to the Government' because 'the enforcement of criminal laws is a matter of prime concern to the community'" was "not error").   The Defense notes that a similar instruction is given near the end of the charge (pg. 88) and the Defense suggests that it is more appropriate there and should be omitted here in the interests of brevity.

**REQUEST NO. 6**

**Government as a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to the defendant.   By the same token, it is entitled to no less consideration.   The parties stand as equals at the bar of justice.

> Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 406).

**REQUEST NO. 7**

**Burden of Proof**

The defendant has pleaded not guilty to the charges against him.    As a result of that plea of not guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.    This burden never shifts to the defendant because the law never imposes upon a defendant in a criminal case the burden or duty of testifying or calling any witnesses or producing any evidence. The defendant is not required to prove his innocence.

Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 397).

**REQUEST NO. 8**

**Presumption of Innocence**

The law presumes the defendant innocent of all charges against him.   That presumption of innocence applies throughout your deliberations and is enough to acquit the defendant of all charges unless and until you as a jury are unanimously satisfied that the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the Jury Charge in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 397-98).

## REQUEST NO. 9

### Reasonable Doubt

I have said that the Government must prove the defendant's guilt beyond a reasonable doubt.   The question then is, what is a reasonable doubt?   It is a doubt that a reasonable person has after carefully weighing all the evidence.   It is a doubt founded in reason and arising out of the evidence in the case or the lack of evidence.   It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.   Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.   It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that by its very nature cannot be proved with mathematical certainty.   The Government's burden is to establish guilt beyond a reasonable doubt, not all possible doubt.

If, after fair and impartial consideration of all the evidence, you are satisfied of the defendant's guilt beyond a reasonable doubt as to the charge you are considering, it is your duty to find the defendant guilty.   On the other hand, if, after fair and impartial consideration of all the evidence, you have a reasonable doubt, you must find the defendant not guilty of that charge.

> Adapted from the Jury Charges in *United States v. Frierson*, No. 17 Cr. 782 (AT) (S.D.N.Y. Aug. 8, 2018) (Tr. 397-400), and *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1720-21).

14

## **REQUEST NO. 10**

## **Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether the Government has met its burden to prove the defendant guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through their five senses.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as I were sitting her someone walked in with an umbrella that was dripping wet, and then a few moments later someone else walked with a raincoat that was also dripping wet.

Because you could not look outside the courtroom and cannot see whether it was raining, you would have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining. That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and commonsense from one established fact the existence or the nonexistence of some other fact.

15

Many material facts, such as a person's state of mind, are not easily proved by direct evidence.   Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw.[2]   Circumstantial evidence may be given as much weight as direct evidence.   The law makes no distinction between direct and circumstantial evidence.   The law simply requires that, before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt based on all of the evidence in the case.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1721-23).

---

[2] The Government notes that these sentences are direct quotations from the Jury Charge in *Avenatti*, are a correct statement of the law, and are necessary for the jury to understand how to evaluate the defendant's state of mind, which the Government anticipates will be a core area of dispute at trial.   *See United States v. O'Brien*, 926 F.3d 57, 79 (2d Cir. 2019) ("It is seldom possible to present direct evidence of a person's state of mind.   His knowledge may, however, be inferable from outward manifestations such as his statements or his conduct, or from the circumstances surrounding or attendant upon the fact he is alleged to have known.").

**REQUEST NO. 11**

**Inferences**

During the trial, you may have heard the attorneys use the term "inference" and in their arguments they have asked you to infer on the basis of your reason, experience, and commonsense from one or more established facts the existence of some other fact.

An inference is not a suspicion or a guess.   It is a reasoned, logical deduction or a conclusion that you, the jury, are permitted to draw, but not required to draw, from the facts that have been established by either direct or circumstantial evidence.   In drawing inferences, you should exercise your common sense.

There are times when different inferences may be drawn from facts whether proved by direct or circumstantial evidence.   The Government asks you to draw one set of inferences, while the defendant asks you to draw another.   It is for you, and you alone, to decide what reasonable inferences to draw from the facts that you find to be proven as would be justified in light of your experience.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1723-24).

## REQUEST NO. 12

### Credibility of Witnesses

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case.   Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed.   In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.[3]

How do you evaluate the credibility, or believability, of the witnesses?   The answer is that you use your common sense.   You may use the same tests here that you use in your own life when evaluating statements made by others to you.   You may ask yourselves: Did the witness impress you as open, honest, and candid?   How responsive was the witness to the questions asked on direct examination and on cross-examination?   Was the witness consistent or contradictory?   Did the witness appear to know what he or she was talking about?   Did the witness strike you as someone who was trying to report his or her knowledge accurately?   These are examples of the kinds of commonsense questions you should ask yourselves in deciding whether a witness is or is not truthful.

If you find that a witness intentionally told a lie, that is always a matter of importance you should weigh carefully.   One the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects.   It is for

---

[3] The Government objects to this preamble as is unnecessary and potentially confusing, particularly insofar as it would have the Court characterize the parties' views of the evidence.

you to determine whether such inconsistencies are significant or inconsequential and whether to accept or reject all the testimony of any witness or to accept or reject only portions.   ==As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts makes sense in light of the other evidence in the case.[4]==

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.   You may reject it because of the witness's bearing or demeanor or because of the apparent improbability of the testimony or for other reasons sufficient for you to conclude that the testimony is not worthy of belief.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1726-27).

---

[4] The Defense notes that his additions in this instruction are adapted from *United States v. Petit and Taylor*, 19-Cr-850 (JSR) (S.D.N.Y.).   The Government objects to this sentence as confusing, since a witness does not "observe" a "fact" and the jury is sufficiently instructed elsewhere in this charge about how to evaluate a witness's testimony.

## REQUEST NO. 13

### The Indictment

The defendant, Timothy Shea, is formally charged in an Indictment.   The Indictment is simply an accusation.   It is not evidence of the crimes charged; it is not proof of a defendant's guilt.   It is simply the procedure by which the Government presents charges in this case.   It should be given no evidentiary value, weight, or significance.[5]   Before you begin your deliberations, you will be provided a copy of the Indictment.   I will not read the entire Indictment to you at this time.   Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains two counts against the defendant.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges the defendant with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.   This count alleges that the defendant agreed to make and caused to be made, through the use of interstate communications, such as text messages, emails, phone calls, and posts on websites and social media, false statements to donors that 100 percent of the funds donated to We Build the Wall would be used for construction of a wall at the southern border of the United States, and that none of the money donated would be used to compensate Brian Kolfage, the founder and president of We Build the Wall, for the purpose of obtaining the donors' money.

---

[5] The Government objects to this sentence as unnecessary, confusing, and incorrect insofar as the Indictment, although not evidence, does have the "significance" that is explained elsewhere in this particular charge.

Count Two charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).   This count alleges that the defendant agreed to launder the fraud proceeds from the scheme charged in Count One.   In particular, Count Two alleges that the defendant agreed to engage in financial transactions that he knew were designed to conceal and disguise the nature, location, source, ownership, or control of the money obtained through the scheme charged in Count One.   Count Two also alleges that the defendant agreed to engage in financial transactions of more than $10,000 of the fraud proceeds.

You must consider each count separately, and you must return a verdict of guilty or not guilty for each count.   Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instrs. 3-1, 3-2.

## REQUEST NO. 14

### Counts One and Two: Conspiracy Offenses – Background and Elements of Conspiracy

Here, Counts One and Two both charge conspiracy offenses, so let me explain to you what a conspiracy is.    These instructions about conspiracy apply to both counts.

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.    The crime of conspiracy to violate a federal law is an independent offense.    It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Indeed, you may find a defendant guilty of conspiracy to commit an offense even though the substantive crime which was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.[6]

In order for a defendant to be guilty of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, that the charged conspiracy existed; and

---

[6] The Government notes that this sentence is a direct quotation from the Jury Charge in *Adelekan* and *Modern Federal Jury Instructions-Criminal*'s Instruction 19-2, and is important to provide the jury context for why participation in a conspiracy has been criminalized.    The Defense objects to the extent that the instruction speculates about Congress's motivation in criminalizing conspiracy as a separate offense.

Second, that at some point during the conspiracy's existence the defendant knowingly and willfully joined the alleged conspiracy.

Now let us separately consider the two elements: first, the existence of the conspiracy, and second, whether the defendant knowingly and willfully joined in the conspiracy.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 863-64); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 19-2 ("Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.").

**REQUEST NO. 15**

**Counts One and Two: Wire Fraud Conspiracy and Money Laundering Conspiracy**

**First Element: Existence of a Conspiracy**

Starting with the first element, what is a conspiracy?   A conspiracy is an agreement or an understanding between two or more people to accomplish by concerted action one or more unlawful purposes.   In this case, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is to commit wire fraud and the unlawful purpose alleged to be the object of the conspiracy charged in Count Two is to commit money laundering.   I will give you instructions on each of these unlawful purposes--or objects--of the conspiracies later on.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement of two or more people to violate the law.   As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.   Rather, the Government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the unlawful object.

To prove the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into an express or formal agreement, orally or in writing, stating that they had formed a conspiracy to violate the law.   Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.   What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

24

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.   The old adage, "actions speak louder than words," applies here.   Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.   When taken all together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

The objects of a conspiracy are its illegal goals that the co-conspirators hoped to achieve.

The object of the conspiracy charged in Count One is to commit wire fraud.

The object of the conspiracy charged in Count Two is to commit money laundering.

I will explain to you later on what it means to commit wire fraud or money laundering, but you should keep in mind that you need not find the conspirators accomplished the object or goal of each conspiracy.   Instead, an agreement to accomplish the goal of committing wire fraud is sufficient with respect to finding the first element of a conspiracy has been satisfied for Count One, and an agreement to accomplish the goal of committing money laundering is sufficient with respect to finding the first element of a conspiracy has been satisfied for Count Two.[7]

---

[7] The Government notes that this portion is taken directly from the Jury Charge in *Adelekan*, is an accurate statement of the law, and is helpful to ensure the jury has the appropriate context for the jury instructions regarding the object of the conspiracy.

Further, although the indictment charges that the alleged conspiracies began in or around December 2018, and continued up to in or around August 2020, it is not essential that the Government prove that the conspiracy in question started and ended on those specific dates or that it existed throughout that entire period.   Rather, it is sufficient to satisfy the first element if you find that in fact the charged conspiracy was formed and that it existed for any time within the charged period.

### Liability for Acts and Declarations of Co-Conspirators

So, first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged. In considering the first element of conspiracy generally, you will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government alleges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy.   As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of

the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.   This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 865-69).

**REQUEST NO. 16**

**Counts One and Two: Wire Fraud Conspiracy and Money Laundering Conspiracy**

**Second Element: Participation**

If you conclude that the Government has proven beyond a reasonable doubt that a charged conspiracy existed, then you must consider the second element: whether the defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes, and in furtherance of its unlawful object or objects.

To act "knowingly" means to act voluntarily and deliberately rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

Put differently, an act is done knowingly and willfully if it is done purposefully and deliberately with an intent to do something the law forbids, that is, a defendant's act must have been the product of that defendant's conscious determination rather than the product of a mistake, accident, mere negligence, or some other innocent reason.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.   However, you have before you evidence of certain acts, conversations, and statements alleged to have been made by, with, or in the presence of the defendant, and others.   The ultimate facts of knowledge and criminal intent may be established by words and conduct and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct.   It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

28

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.   Nor does the given defendant need to know the full extent of the conspiracy or all its participants.   Indeed, it is not necessary that a defendant know more than one other member of the conspiracy.   It is also not necessary that the defendant receive any monetary benefit from participating in the conspiracy.   It is enough if he participated in the conspiracy willfully and knowingly, as I have defined those terms.   While proof of a financial interest in the outcome of the scheme is not essential, if you find that the defendant had such an interest, that is a factor you may properly consider in determining whether he was a member of the conspiracy.

If you determine that the defendant became a member of the conspiracy, the duration and extent of the defendant's participation has no bearing on the issue of that defendant's guilt. Some conspirators play major roles, while others play minor roles.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the elements I have described.   Each defendant also need not have joined the conspiracy at the outset.   Each defendant may have joined it at any time -- at the beginning, in the middle, or at the end -- and each defendant will still be held responsible for all that was done before joined as well as all that was done during the conspiracy's existence while the defendant was a member.   However, I want to caution you that mere association with a member of a conspiracy by one person with another person does not make that first person a member of the conspiracy, even when that association is coupled with knowledge that the second person is committing a crime.   Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.   In other words,

29

knowledge without participation is not sufficient to satisfy the second element.   What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in that accomplishment of its unlawful object or objects.

In sum, if you find the defendant, with an understanding of the unlawful nature of the charged conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking, you should conclude that the defendant became a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 869-72).

## REQUEST NO. 17

### Count One: Wire Fraud Conspiracy

### Elements of Wire Fraud Conspiracy

I have just instructed you on the elements of a conspiracy charge generally and those instructions apply to Count One, which charges a wire fraud conspiracy.   The elements of wire fraud conspiracy are:

First, that two or more persons entered into an unlawful agreement to violate specified laws of the United States prohibiting wire fraud; and

Second, that the defendant knowingly and willfully entered into the agreement.

I will now address the object of the conspiracy alleged in Count One.   The object of this conspiracy is to violate Title 18, United States Code, Section 1343, which prohibits wire fraud.

Section 1343 provides in pertinent part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [shall be guilty of a crime].

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 872).

31

## REQUEST NO. 18

### Count One: Wire Fraud Conspiracy

### Elements of Substantive Wire Fraud

Consideration of Count One requires you to understand the elements of wire fraud itself, which is the object of the conspiracy charged in Count One. As I told you before, you need not find that the defendant actually committed the wire fraud that is the object of the conspiracy, but only that he agreed with others to commit wire fraud.[8]

The crime of wire fraud has three elements:

First, the existence of a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises;

Second, the defendant participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, in the execution of the scheme, the defendant used, or caused to be used, interstate or foreign wires.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those things be done, then the wire fraud object would be proved. However, if you find that the Government has not met its burden to prove that the defendant agreed with at least one other person that those things be done, then the object would not be proved.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 873); *see also*

---

[8] The Government notes that this sentence is a direct quotation from the Jury Charge in *Adelekan*, is an accurate statement of the law, and is important to clarify a complicated issue for the jury. The Defense notes that this sentence does not deal with the substantive offense but with the conspiracy. The Defense further notes that the jury has already been instructed on this point in Request #15 and does not need to hear it twice.

32

2 *Modern Federal Jury Instructions-Criminal*, Instrs. 44-3, 44-4, 44-5, 44-7.

**REQUEST NO. 19**

**Count One: Wire Fraud Conspiracy**

**Wire Fraud – First Element – Existence of a Scheme or Artifice**

I will now describe the three elements of substantive wire fraud in greater detail.   The wire fraud statute provides that it can be satisfied by the existence of a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises.   A scheme or artifice is just a plan for the accomplishment of an object.   A pretense, representation, statement, or promise is fraudulent if it was made falsely and with intent to deceive.   A representation, statement, claim, or promise may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone.   The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance.   If there is deception, the manner in which it is accomplished does not matter.   This element does not require that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts.

Nor need you find that the defendant profited from the fraud.   It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on.   You must concentrate on whether there was such a scheme, not on the consequences of the scheme.   Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

34

In addition, the false or fraudulent representation (or failure to disclose) must relate to a material fact or matter.   A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.   That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision.   The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 873-75); *see also Carpenter v. United States*, 484 U.S. 19, 25 (1987); 2 *Modern Federal Jury Instructions*, Instrs. 44-3, 44-4.

**REQUEST NO. 20**

**Count One: Wire Fraud Conspiracy**

**Wire Fraud – Second Element – Knowledge and Intent to Defraud**

As to the second element of substantive wire fraud, a defendant must have devised or participated in the fraudulent scheme knowingly and with specific intent to defraud.

As I have already instructed you, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.   To act "willfully" means to act voluntarily and with a wrongful purpose.   To act with intent to defraud means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.   To "devise" a scheme to defraud is to concoct or plan it.   To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.   While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

Direct proof of knowledge and fraudulent intent is almost never available.   It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.   Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

36

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 875-76); *see also* 2 *Modern Federal Jury Instructions-Criminal*, Instr. 44-5.

<u>**REQUEST NO. 21**</u>

<u>**Count One: Wire Fraud Conspiracy**</u>

<u>**Wire Fraud – Third Element – Interstate Wires**</u>

The third and final element of substantive wire fraud is that interstate wires (for example, phone calls, email communications, text messages, social media or website posts, and bank wires) were used in furtherance of the scheme to defraud.

The wire communication must be an interstate wire—that is, it must pass between two or more states or a state and a foreign country.   The use of the wire need not itself be a fraudulent representation.   It must, however, further or assist in some way in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.   In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication.   When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.   Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.   Thus, if you find that the wire

38

communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 876-78); *see also* 2 *Modern Federal Jury Instructions-Criminal*, Instr. 44-7.

**REQUEST NO. 22**

**Count Two: Money Laundering Conspiracy**

**Elements of Money Laundering Conspiracy**

Count Two charges the defendant with participating in a conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).   Specifically, Count Two charges the defendant with conspiring to commit money laundering from in or about December 2018 through in or about August 2020, by agreeing to launder the proceeds of the wire fraud conspiracy charged in Count One.

I have already instructed you on the elements of a conspiracy charge generally and those instructions apply to Count Two, which charges a money laundering conspiracy.   The elements of money laundering conspiracy are:

First, that two or more persons entered into an unlawful agreement to violate specified laws of the United States prohibiting money laundering; and

Second, that the defendant knowingly and willfully entered into the agreement.

In other words, the elements of the conspiracy charged in Count Two are the same elements the Government is required to prove with respect to the conspiracy alleged in Count One—namely, the existence of an agreement to violate the law and knowing and willful entry of the considered defendant into that agreement.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 878-79).

## REQUEST NO. 23

## Count Two: Money Laundering Conspiracy

## Objects of Money Laundering Conspiracy

As I explained earlier, the object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.[2]   Count Two of the Indictment charges that there were two objects (or illegal goals) of the conspiracy.   As I told you before, you need that find that a defendant actually committed the objects of a charged conspiracy, but only that he agreed with others to commit at least one of the objects.   The first object of the conspiracy alleges that the defendant agreed to commit money laundering by engaging in financial transactions that involve the proceeds of the wire fraud, in order to conceal or disguise the nature, location, source, ownership, or control of proceeds of the wire fraud.   I will refer to this object as "concealment" money laundering.   The second object of the conspiracy alleges that the defendant agreed to commit money laundering by engaging in monetary transactions greater than $10,000 involving the proceeds of the wire fraud.

There are two lines for Count Two for you to fill in on the verdict form.   The first line asks whether the defendant is guilty of the first object of the conspiracy and the second line asks whether the defendant is guilty of the second object of the conspiracy.   In order to find the defendant guilty of either object, there must be unanimous agreement on that object.   With that in mind, I will now proceed to discuss the elements of each form of money laundering.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 879-80).

---

[2] The Government notes that this is an accurate statement of the law and is important to clarify a complicated issue for the jury.  The Defense finds it unnecessary and would cut it in light of the length of the proposed charge to preserve the jurors' attention spans.

**REQUEST NO. 24**

**Count Two: Money Laundering Conspiracy**

**Elements of Substantive Concealment Money Laundering**

We will first consider the elements of the first object, which is concealment money laundering.

Concealment money laundering has the following elements:

First, that the defendant conducted, or attempted to conduct, a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here is alleged to have been a wire fraud scheme;

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant knew that the transaction was designed in whole or in part either to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 880-81); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-7.

**REQUEST NO. 25**

**Count Two: Money Laundering Conspiracy**

**Substantive Concealment Money Laundering– Element One: Financial Transaction**

The first element of concealment money laundering is that the defendant conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.   The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.   I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means.   The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state (including the District of Columbia) and persons, places, or entities located in another state, regardless of whether done for a business purpose or otherwise.

43

Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country.

In determining whether person or institution is engaged in, or whether a transaction affects interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

It does not matter whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general.   The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it does not matter whether the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected.

All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 881-83); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-8.

44

**REQUEST NO. 26**

**Count Two: Money Laundering Conspiracy**

**Substantive Concealment Money Laundering– Element Two: Proceeds of Specified Unlawful Activity**

The second element of concealment money laundering is that the financial transactions must involve the proceeds of "specified" unlawful activity.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses described in the statute. In this case, the Government has alleged that the money involved in financial transactions at issue in this case was derived from the wire fraud conspiracy charged in Count One of the Indictment.   I instruct you, as a matter of law, that the charge in Count One meets the definition of "specified unlawful activity," but you must determine whether the funds involved in the financial transactions were the proceeds of that unlawful activity.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 883-84); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-8.

## REQUEST NO. 27

## Count Two: Money Laundering Conspiracy

## Substantive Concealment Money Laundering– Element Three: Knowledge That Proceeds Was of Unlawful Activity

The third element of concealment money laundering is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to know that the proceeds came from the wire fraud scheme or that the defendant personally participated in the wire fraud scheme.   It is sufficient that the defendant knew that the proceeds came from some form of unlawful activity.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 884); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-9.

46

**REQUEST NO. 28**

**Count Two: Money Laundering Conspiracy**

**Substantive Concealment Money Laundering– Element Four: Intent to Conceal**

The fourth and final element of concealment money laundering concerns the purpose of the transaction.

Specifically, the fourth element is that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity. The terms I have just used have their everyday ordinary meanings.

As I have previously instructed, to act "knowingly" means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.

That is, the acts must be the product of the defendant's conscious objective.   If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

Intent to disguise or conceal the true origin of the property need not be the sole motivating factor.

However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Proof that the defendant knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of unlawful activity may be established by

47

circumstantial evidence.   In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the defendant knew of that purpose.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal.   He need only know that a purpose of the financial transaction was concealing the nature, location, source, ownership, or control of the funds.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 884-86); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-10.

## REQUEST NO. 29

## Count Two: Money Laundering Conspiracy

## Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Elements

The second object of Count Two is engaging in monetary transactions over $10,000 in property derived from specified unlawful activity.   The elements of this object are as follows:

First, that the defendant engaged in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

Third, that the property was derived from specified unlawful activity.

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States.

> Adapted from the Jury Charge in *United States v. Adelekan*,
> No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 886); *see also*
> 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-26.

**REQUEST NO. 30**

**Count Two: Money Laundering Conspiracy**

**Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – First Element: Engaging in a Monetary Transaction**

The first element of this object is that the defendant agreed to engage in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that, had the object of the conspiracy been completed, the transaction would have affected interstate commerce in some way, however minimal.   As I explained earlier, this effect on interstate commerce can be established in several ways, including, but not limited to: the source of the funds used in the transaction affected interstate commerce; and the transaction itself involved an interstate transfer of funds, that would also be sufficient.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 887); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-27.

## REQUEST NO. 31

### Count Two: Money Laundering Conspiracy

### Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Second Element: Transaction Involved Criminally Derived Property Over $10,000

The second element of this object is that the monetary transactions involved criminally derived property having a value in excess of $10,000.   The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The terms "specified unlawful activity" and "proceeds" have the same meanings I provided previously with respect to the first object of the conspiracy.   I instruct you as a matter of law that wire fraud is both a criminal offense and specified unlawful activity.

The Government is not required to prove that all of the property involved in the transaction was criminally derived property.   However, the Government must prove that more than $10,000 of the property involved was criminally derived property.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 887-88); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-28.

## REQUEST NO. 32

### Count Two: Money Laundering Conspiracy

### Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Third and Fourth Elements: Property Derived From Specified Unlawful Activity

The third and fourth elements of this object are that the property derived from specified unlawful activity and that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

The term "specified unlawful activity" was defined previously, and that definition applies equally to this second object of the conspiracy charged in Count Two.   I have also previously defined "knowingly," and you should use that definition here.

I instruct you that the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.   However, the Government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the Government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 888-89); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instrs. 50A-29, 50A-30.

**REQUEST NO. 33**

**Count Two: Money Laundering Conspiracy**

**Substantive Monetary Transaction Over $10,000 in Property Derived From a Specified Unlawful Activity – Fifth Element: Transaction Took Place in the United States**

The fifth element of this object is that the agreed upon transaction took place in the United States.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 889); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-31.

**REQUEST NO. 34**

**Conscious Avoidance**

**[***If Applicable***]**

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.

If a person is actually aware of a fact, then he knows that fact.   But, in determining whether the defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

To be clear, the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish.   However, one may not willfully and intentionally remain ignorant of a fact material and important to one's conduct in order to escape the consequences of criminal law.   The law calls this "conscious avoidance" or "willful blindness."   In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.

54

You must keep in mind that there is an important difference between knowingly and intentionally participating in a conspiracy – which I just explained to you – and knowing the specific object of the conspiracy.   You may consider conscious avoidance in deciding whether the defendant knew the object of a conspiracy, that is, whether he reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as objects of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway.   But "conscious avoidance" cannot be used as a substitute for finding that a defendant knowingly and intentionally joined the conspiracy in the first place.   It is logically impossible for a defendant to intend and agree to join a conspiracy if he or she does not actually know it exists.   However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.   However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 894-97); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3A-2.
>
> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and

consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 35

## Venue

As to each charge, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.   This is called establishing venue.   The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York.   It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.   The act itself may not be a criminal act.   And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

With respect to Counts One and Two, you need to find that it is more likely than not that an act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence.   A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 897-99); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3-11.

57

## **REQUEST NO. 36**

## **Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1755-56); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18.

## **REQUEST NO. 37**

### **Negligence Of A Victim Not A Defense**

It is also unimportant whether a victim might have discovered the fraud had he or she probed further.   If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of fraud.

> Adapted from the Jury Charge in *United States v. Adelekan*,
> No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 907).

**REQUEST NO. 38**

**Persons Not on Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as a defendant in the Indictment, or are not present at this trial.   You also may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 905); *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010).

## REQUEST NO. 39

## Law Enforcement or Government Witnesses

**[*If Applicable*]**

You have heard the testimony of law enforcement or other government witnesses.   The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept all, part of, or none of the testimony of the law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1728); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-16.

61

**REQUEST NO. 40**

**Cooperating Witnesses Testimony**

[*If* Applicable]

You have heard from witnesses who testified that they were actually involved in some of the crimes charged in the Indictment.   Those witnesses testified pursuant to cooperation agreements with the Government.

You also have heard testimony from witnesses who have entered into non-prosecution agreements with the Government arising out of the some of the same facts that are at issue in this case.

Let me say a few things that you should consider during your deliberations on the subject of the testimony of these types of witnesses.

Experience will tell you that the Government sometimes must rely on the evidence of cooperators and other witnesses who have participated in crimes.   For those very reasons, the law allows the use of testimony from these types of witnesses.   Indeed, it is the law in federal courts that the testimony of even one such witness may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.   The testimony of such witnesses is properly considered by the jury.

However, because of the possible interest a witness with a cooperation or non-prosecution agreement may have in testifying, the witness's testimony should be scrutinized with care and caution.   The fact that a witness has an agreement with the Government can be considered by you as bearing upon his or her credibility.   It does not follow, however, that simply because a person has participated in a crimes or has entered into such an agreement, he is incapable of telling the truth, and it is no concern of yours why the Government made an

62

agreement with the witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of such a witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.   Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?   Or did he or she believe that his or her interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?   And did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.   However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.   Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.   That is a determination entirely for you, the jury.

You are not to draw any inference of any kind about the guilt of the defendant merely from the fact that the witness has entered into an agreement with the Government.   The witnesses made personal decisions based on their evaluation of the facts and circumstances.   A witness's decision to cooperate with the Government is not evidence that the defendant committed a crime.

Additionally, I must caution you again that it is no concern of yours why the Government made an agreement with a witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

> Adapted from the Jury Charges in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 908-10) and *United States v. Dumitru*, No. S1 17 Cr. 243 (LAK) (S.D.N.Y. Nov. 19, 2018) (Tr. 925-26).

**REQUEST NO. 41**

**Immunized Witnesses**

**[*If Applicable*]**

You have heard the testimony of a witness who has testified under a grant of immunity from this court.   What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

Such testimony should be scrutinized with great care.   You should examine it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.   If you believe the testimony to be true and determine to accept it, you may give it such weight, if any, as you believe it deserves.

> Adapted from the Jury Charge in *United States v. Calk*, No. 19 Cr. 366 (LGS) (S.D.N.Y. June 10, 2021) (Tr. 1478) and 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-8.

**REQUEST NO. 42**

**Preparation of Witnesses**

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1728-29).

**REQUEST NO. 43**

**False Exculpatory Statements**

[*If Applicable*]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-11.

67

**REQUEST NO. 44**

**Similar Acts**

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.   You may not conclude that merely because the defendant may have engaged in similar conduct, without more, that he must also have committed the acts charged in the Indictment.

68

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-25, 5-26.

## REQUEST NO. 45

### Limited Evidence

**[*If Applicable*]**

Some of the evidence in this case was introduced for a limited purpose and I instructed you as to the limited purpose for which it was to be considered at that time.  Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from S3 *Modern Federal Jury Instructions-Criminal* § 2.12.

**REQUEST NO. 46**

**Particular Investigative Techniques**

[*If Applicable*]

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities.   There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.   While you are to carefully consider the evidence presented, you are not to speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.   The Government is not on trial and law enforcement techniques are not your concern.

Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1732); *see also United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged."); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 4-4.

**REQUEST NO. 47**

**Use of Audio and Video Recordings and Transcripts**

[*If Applicable*]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.   I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions about this type of evidence, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.   I instructed you then, and I remind you now, that the transcripts are not evidence.   The transcripts were provided only as an aid to you in listening to the recordings.   It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG) (S.D.N.Y. Feb. 12, 2020) (Tr. 2315); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instrs. 5-9, 5-10.

72

**REQUEST NO. 48**

**Use of Evidence Obtained Pursuant to Searches and Seizures**

**[*If Applicable*]**

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email and other electronic evidence obtained pursuant to court-approved search warrants. Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1732-33).

## **REQUEST NO. 49**

## **Charts and Summaries: Admitted as Evidence**

**[***If Applicable***]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731-32); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-12.

**REQUEST NO. 50**

**Charts and Summaries: Not Admitted as Evidence**

[*If Applicable*]

There have also been summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731-32); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-13.

## **REQUEST NO. 51**

## **Stipulations of Testimony**

### [*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.

> Adapted from the Jury Charge in *United States v. Avenatti*,
> No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731); *see also*
> 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-7.

76

**REQUEST NO. 52**

**Stipulations of Fact**

**[*If Applicable*]**

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-6.

**REQUEST NO. 53**

**Redaction of Evidentiary Items**

**[*If Applicable*]**

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

Adapted from the Jury Charge in *United States v. Avenatti*,
No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1725).

## REQUEST NO. 54

### Variance in Dates and Amounts

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

> Adapted from the Jury Charge in *United States v. Avenatti*,
> No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1756); *see also*
> 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3-12 and 3-13.

## REQUEST NO. 55

## Character Witnesses

[*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation.  This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.  On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

80

## REQUEST NO. 56

### Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1729); *see also United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975); *United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-7.

**REQUEST NO. 57**

**Expert Testimony**

**[***If Applicable***]**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you.   As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-21.

82

**REQUEST NO. 58**

**Defendant's Testimony**

[*Requested Only If The Defendant Testifies*]

The defendant testified at this trial.   You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

> Adapted from the Jury Charge in *United States v. Almaleh*,
> S1 17 Cr. 25 (ER) (S.D.N.Y. Mar. 2, 2022) (Tr. 1085).

## REQUEST NO. 59

## Defendant's Right Not to Testify

### [*If Requested by the Defendant*]

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.   No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1733); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-21.

## **REQUEST NO. 60**

### **Improper Considerations**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   It would be improper for you to consider any personal feelings you have about any defendant's race, religion, national-origin, gender, sexual orientation, age, disability, or veteran status.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, age, disability, or veteran status of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1718).

## **REQUEST NO. 61**

## **Punishment Is Not to Be Considered by the Jury**

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1750-60); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 9-1.

## REQUEST NO. 62

### Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.   You are to determine whether or not the Government has met its burden to prove the defendant guilty beyond a reasonable doubt solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, your sworn duty is to bring in a verdict of guilty.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1762); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 2-12.

## REQUEST NO. 63

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.

89

Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if you become convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.   Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

All of the exhibits will be given to you, either in digital or hard copy format, near the start of deliberations.   You may ask for the transcripts of portions of the testimony, but please keep in mind that if you ask for any portions of the testimony, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements.   That can be a time-consuming process.   So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

90

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1757, 1762) and the Jury Charge in *United States v. Cespedes-Pena*, No. 14 Cr. 520 (KMW).

* * *

The parties respectfully reserve the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
        April 7, 2022

                    Respectfully submitted,

                    DAMIAN WILLIAMS
                    United States Attorney

By:         /s/
                    Alison Moe
                    Nicolas Roos
                    Robert B. Sobelman
                    Assistant United States Attorneys


                    TIMOTHY SHEA
                    Defendant

By:         /s/
                    John Meringolo, Esq.
                    Attorney for Timothy Shea