EXHIBIT A



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building</em><br>
<em>One Saint Andrew's Plaza</em><br>
<em>New York, New York 10007</em>

April 4, 2022

**BY EMAIL**

John C. Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, New York 10013
john@meringololaw.com

  Re: *United States v. Timothy Shea*, 20 Cr. 412 (AT)

Dear Mr. Meringolo:

  The Government writes to notify you of certain evidence that it may introduce at trial as direct evidence or, pursuant to Federal Rule of Evidence 404(b), as evidence of the defendant's motive, intent, plan, knowledge, identity, and absence of mistake. As we informed you several weeks ago, the Government intends to seek a superseding indictment approximately 30 days before trial, which is likely to, among other things, add one or more charges for obstruction of justice. Each category of evidence referenced below is admissible as direct evidence of one of the current counts of the Indictment, or the expected obstruction charges. Nevertheless, as a courtesy to the defendant and to assist with the preparation of the defense, the Government provides notice that these categories of evidence are also admissible, in the alternative, pursuant to Rule 404(b).

1. Evidence that, in October 2019, after learning of the existence of the Government's grand jury investigation, the defendant conspired with Brian Kolfage and Amanda Shea to create two backdated documents that purported to relate to seemingly benign, alternative reasons for why money was transferred from We Build the Wall to Ranch Property Marking and Management ("RPMM"), and from RPMM to Kolfage. The Government anticipates that this conduct will be the basis for one or more obstruction charges in the superseding indictment, and is direct evidence of the charged wire fraud and money laundering conspiracies. For the same reason, the evidence is also admissible under Rule 404(b), in the alternative, as proof of the defendant's intent, plan, and absence of mistake.

2. Evidence that, in June 2020, the defendant and Kolfage misappropriated $38,500 from We Build the Wall as a purported "loan" to their energy drink company, Winning Energy LLC. This evidence is direct proof of the charged wire fraud conspiracy as it proves the falsity of statements that all raised funds would be used toward a border wall. For the same reason, the evidence is also admissible under Rule 404(b), in the alternative, as proof of the defendant's motive, intent, plan, and absence of mistake.

3. Evidence that, during the period of the crimes charged in the Indictment, the defendant did not disclose to the Internal Revenue Service certain income from his participation in the crimes charged. This evidence is admissible as direct proof of the charged offenses as it demonstrates the defendant's consciousness of guilt. Alternatively, and for the same reason, the evidence is admissible under Rule 404(b) to establish motive, intent, and absence of mistake.

4. Evidence that, in May 2020, the defendant caused RPMM to receive a $59,700 COVID Economic Injury Disaster Loan and Advance from the Small Business Administration based on misrepresentations about RPMM, and then used those funds for personal expenses. The evidence is direct proof of the charged money laundering conspiracy as it establishes the defendant's ownership of RPMM. Alternatively, for the same reason, the evidence is admissible under Rule 404(b) to establish plan, identity, knowledge, and absence of mistake.

5. Evidence that after being indicted, in approximately July 2021, the defendant conveyed to a witness that he believed co-defendant Andrew Badolato was cooperating with the Government, and that Badolato should, in sum and substance, watch his back because the defendant knows people in a New York mafia crime family. This evidence is admissible as direct proof of the charged offenses as it demonstrates the defendant's consciousness of guilt. Additionally, it is direct proof as to the anticipated obstruction of justice charges and, in the alternative, is admissible for the same reason under Rule 404(b) to establish intent, knowledge, and absence of mistake.

The foregoing notice is provided based on the Government's investigation and trial preparations to date, and it reflects the Government's present intentions. However, the Government's investigation and preparations for trial are ongoing, and the Government will promptly provide a supplemental notice if it intends to offer any additional evidence pursuant to Rule 404(b).

Sincerely,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Alison Moe
Nicolas Roos
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2225/-2421/-2616