UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,                    :
                                             :
        - v. –                               :
                                             :
                                             :   20-CR-412 (AT)
TIMOTHY SHEA,                                :
                                             :
                    Defendant**.**           :

------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## TIMOTHY SHEA'S MOTION FOR A TRIAL CONTINUANCE

John Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077
(212) 202-4936 fax

*Attorney for Defendant Timothy Shea*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
UNITED STATES OF AMERICA,         :
                           :
     - v. -                      :
                           :     **20-CR-412 (AT)**
TIMOTHY SHEA,              :
,                              :
                           :
             Defendant.
------------------------------------------------------------ X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIMOTHY SHEA'S MOTION FOR A TRIAL CONTINUANCE

**NOW COMES** Defendant Shea, by and through his attorney, John C. Meringolo, Esq., and hereby submits the following Memorandum of Law in support of his motion for trial continuance. Mr. Shea moves for a 30-day continuance of his May 16, 2022 trial date in light of the Superseding Indictment, which was filed on April 14, 2022. In the alternative, Mr. Shea seeks a severance of from Count One – Conspiracy to Commit Honest Services Wire Fraud – so that this count, which drastically changes the government's case theory, can be tried at a later date. Defense counsel submits that, as required under 18 U.S.C. § 3161(h)(7)(B), the ends of justice that will be served by the granting of a continuance will outweigh the best interest of the public and Mr. Shea in a speedy trial.

### RELEVANT FACTS

Mr. Shea was originally indicted on August 17, 2020, charged with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), in connection with his work on the crowdfunding campaign, "We the People Build the Wall" ("WBTW"), which sought to raise money to build a privately funded wall along the southern border of the United States. The

Indictment alleged that Mr. Shea's former co-defendants, Stephen Bannon, Brian Kolfage, and Andrew Badolato, received funds from WBTW for personal use, in contradiction to public statements made by them promising all funds would be used for the wall. It was alleged that Mr. Shea assisted Mr. Kolfage in receiving payments from WBTW. *See, generally,* Indictment.

On April 14, 2022 – one year and eight months after the original indictment – the government superseded Mr. Shea with one entirely new count, Count Three, falsification of records in violation of 18 U.S.C. § 1519, and an amendment to Count One - conspiracy to commit wire fraud and honest services fraud in violation of 18 U.S.C. §§ 1343 and 1346. Specifically, for the first time since the inception of the case, the government alleges that Mr. Shea conspired with others to commit honest services fraud, that is, he conspired with others "to deprive We Build the Wall of its intangible rights to the honest services of its president, Brian Kolfage…" and through the use of wire communications, "devised a scheme for businesses created by [Mr. Shea] to receive money from We Build the Wall in exchange for [Mr. Shea] paying a kickback to Brian Kolfage." *See* Superseding Indictment at ¶ 3.

## ARGUMENT

### Applicable Law

Under 18 U.S.C. § 3161 *et seq.*, The Speedy Trial Act (the "Act"), the trial of a criminal defendant must occur no earlier than thirty days after the date on which the defendant first appears through counsel, but no later than seventy days after the later to occur–the filing of the indictment or the defendant's appearance before a judicial officer in the court in which the charge is pending. *See* 18 U.S.C. § 3161(c). However, several provisions of the Act provide the Court with the flexibility to accommodate delays beyond its control.  The Act recognizes an extensive list of exclusions that exempt specific types of delay from the statute's time limit computations. Under

18 U.S.C. § 3161 (h)(7)(B), a court considers, among other factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

**Discussion**

1. **The Complexity and Novel Questions of Law Warrant a Continuance**

The sheer magnitude and volume of the discovery produced in this case has taken, and continues to take, an extraordinary amount of time to process, review, and analyze, especially as the government continues to produce evidence. Now, thirty days before trial, the government has not only added the falsification of records count, which, standing alone would warrant a continuance of the trial,[1] but added a charge of honest services fraud conspiracy – inarguably the

---

[1] Although the government notified defense counsel of its intent to supersede Mr. Shea upon Mr. Shea rejecting the government's plea offer, the specifics of the charges were unknown until the filing of the Superseding Indictment (and largely remain unknown based on the scantily drafted charging instrument). Further, it is entirely different for any defense counsel to anticipate all such charges or prepare in the abstract and not on the basis of the actual evidence.

3

most sophisticated, litigated, and contested type of fraud. Within this district and others, honest services fraud conspiracies have been almost exclusively reserved for public officials, politicians, and other high-powered figures. Due to the developing case law in this area which has rendered certain interpretations of honest services fraud to be unconstitutional, *See Skilling v. United States*, *561 U.S. 358, 366 (2010)**; See also McDonnell v. United States*, 136 S. Ct. 2355 (2016), virtually every honest services case brought before this district in the last eight years has engaged in extensive motion practice, including lengthy motions to dismiss, in order to flush out the specific case theory on which the charge relies. Furthermore, a number of honest services fraud convictions have been reversed on appeal, *See United States v. Silver*, 864 F.3d 102 (2d Cir. 2017); *See also United States v. Skelos*, 988 F.3d 645, 653 (2d Cir. 2021), with another high-profile honest services case pending a writ of certiorari before the United States Supreme Court. *See United States v. Percoco*, 16-CR-776 (S.D.N.Y.) (VEC).

Therefore, like all of the other defendants before him, Mr. Shea is entitled to explore the viability of any motions regarding the government's interjection of this new theory for which case law is still unsettled.[2] In order to properly research and draft any potential legal issues, particularly in the backdrop of almost limitless amounts of discovery materials, a continuance is necessary. The interests of justice do not support the government's purposeful delay in altering its case theory and superseding Mr. Shea with new and amended counts four weeks prior to trial. Without providing Mr. Shea time to properly investigate, research, and brief any of these novel legal issues is a denial of his constitutional rights to a fair trial.

Furthermore, the new falsification of records count also complicates the issues, as it creates

---

[2] As such, Mr. Shea also files, simultaneous to the instant motion, a Motion to Dismiss Count One of the Superseding Indictment.

an inordinate amount of investigative work to complete in conjunction with the honest services fraud defense preparation. Obviously, preparing for trial given these new charges substantially affects and alters the overall trial strategy which had been established thus far.

Consequently, a continuance pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), given the complexity of this case, is both justified and warranted in order for the defense to have adequate time to prepare for trial, and failure to grant such a continuance will irreversibly prejudice Mr. Shea's trial preparation.

### 2.      The Ends of Justice Warrant a Continuance

Despite the flexibility conferred by the exclusions found in 18 U.S.C. § 3161, only one provides the Court with any substantial degree of discretion regarding its applicability. Section (h)(7)(B)(iv) permits courts to grant a continuance, on its own motion or at the request of either party, when the Court finds that the ends of justice to be served by such a continuance outweigh the best interests of both the public and the defendant in a speedy trial.  That is, the Act confers discretion upon the Court to grant a continuance when necessary to serve the "ends of justice."

Although the United States Supreme Court in *U.S. v. Rojas-Contreras*, 474 U.S. 231 (1985) determined that there is no inherent right to a 30-day continuance following the filing of a superseding indictment, the Court acknowledged that the Act itself grants district courts broad discretion to provide a continuance when necessary to serve the "ends of justice." *Rojas-Contreras*, 474 U.S. at 236. As the Court explains:

> In concluding as we do that the Act does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment, we do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment. The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation. *Section 3161(h)(8)* **authorizes the trial judge to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The authority of the District Court to**

**grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant.**

*Rojas-Contreras* at 236. (Emphasis Supplied).

The possibility of modifying trial strategy in response to a material change in a superseding indictment did not go unnoticed. Justice Blackmun, with whom Justice Brennan joined in the concurring opinion in *Rojas-Contreras,* stated:

> …a superseding indictment may add to a defendant's burden in preparing for trial. **In the event of additional charges, or of material changes, a defendant well may need additional preparation time.** Under the Act, a defendant then may seek an "ends of justice" continuance, to be granted in the discretion of the trial court. …**This continuance is available whether the need for additional time is occasioned by a superseding indictment or otherwise.** Indeed, the 1979 amendments to the Speedy Trial Act not only mandated the 30-day defense-preparation period, but also provided that one basis for granting a continuance is if "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation." 18 U. S. C. § 3161(h)(8)(B)(iv). **The constitutional right to assistance of counsel is rendered meaningless if a defendant is forced to trial in the absence of adequate time to prepare. To avoid prejudicing a defendant, a continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense.**

*Id*. at 240-241. (Emphasis Supplied).

First, the addition of any count will likely change the trial strategy and require additional analysis and time to specifically combat. But not only does the instant Superseding Indictment add charges, it makes material changes to the underlying allegations and theories of wrongdoing. Honest services fraud is a wholly different animal from run-of-the-mill wire fraud conspiracy and requires not just additional time and investigative work but also significantly changes defense's approach to the case. Therefore, a continuance would be proper so that an adequate trial strategy can be developed and tailored to properly aid Mr. Shea in his defense.

Lastly, if Mr. Shea is not given adequate time to prepare in the face of a newly crafted charging instrument, and defense counsel is not given an opportunity to rethink their theories of defense, Mr. Shea will be prevented from receiving effective assistance of counsel, in violation of his Sixth Amendment rights. Overall, the ends of justice would be served by a 30-day continuance.

## **CONCLUSION**

Therefore, Mr. Shea respectfully requests this Court grant his motion for a trial continuance of no less than thirty days.

Dated: New York, New York
       April 27, 2022

> Respectfully submitted,
> /s/ _____
> John Meringolo, Esq.
> Meringolo & Associates, P.C.
> *Attorneys for Defendant*
> 375 Greenwich Street, 7th Floor
> New York, NY 10013
> (212) 941-2077

7