UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :

UNITED STATES OF AMERICA

                                                  :

      - v. -

                                                  :          S2 20 Cr. 412 (AT)

TIMOTHY SHEA,

                                                  :

          Defendant.

                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT REVISED PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
   - v. -
:           S2 20 Cr. 412 (AT)
TIMOTHY SHEA,
:
            Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The parties respectfully request that the Court include the following in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. Where the parties disagree, the Government's position is indicated in **green** and the defendant's position is indicated in **purple**.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## INTRODUCTION

F.  **General Statement of the Case**

   1. This is a criminal case. The defendant on trial, TIMOTHY SHEA, has been charged with the commission of federal crimes in an Indictment filed by a Grand Jury sitting in this District. The Indictment is not evidence itself, but contains charges which the Government is required to prove beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will give you a

brief summary of the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury in a fair and just manner.

2. The Indictment contains three counts, or "charges," that you are going to consider. Each count has different elements of proof. The charges arise from the defendant's alleged participation in an organization called We Build the Wall and an associated fundraising campaign to privately fund construction of a wall at the southern border of the United States.

3. Count One charges the defendant with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349. This count alleges that the defendant agreed to make and caused to be made, through the use of interstate communications, such as text messages, emails, phone calls, and posts on websites and social media, false statements to donors that 100 percent of the funds donated to We Build the Wall would be used for construction of a wall at the southern border of the United States, and that none of the money donated would be used to compensate Brian Kolfage, the founder and president of We Build the Wall, for the purpose of obtaining the donors' money. Count One also alleges that he defendant and his co-conspirators devised a scheme for businesses created by the defendant to receive money from We Build the Wall in exchange for the defendant paying a kickback to Mr. Kolfage.

4. Count Two charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). This count alleges that the defendant agreed to launder the fraud proceeds from the scheme charged in Count One. In particular, Count Two alleges that the defendant agreed to engage in financial transactions that he knew were designed to conceal and disguise the nature, location, source, ownership, or control of the money obtained through the scheme charged in Count One. Count Two also alleges that

the defendant agreed to engage in financial transactions of more than $10,000 of the fraud proceeds.

5.   Count Three charges the defendant with falsification of records, in violation of Title 18, United States Code, Section 1519.  This count alleges that the defendant created or caused the creation of documents that were falsely backdated and stated false reasons for payments from We Build the Wall to the defendant and from the defendant to Mr. Kolfage, with the intent to impede, obstruct, or influence an investigation by the United States Attorney's Office for the Southern District of New York.

6.   We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

7.   With that in mind, does any of you believe you have personal knowledge of the case as I have described it? Has anyone read or heard anything about this case? If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial? (If so, we respectfully request that the Court speak with the prospective juror privately to find out what they read and then ask them if it would cause them to feel that they cannot decide the case fairly and impartially.)

8.   Do any of you feel, for any reason, that you could not view a case involving the charges as I described, in a fair and impartial manner?

9. As you heard, this case involves allegations of fraudulent representations made by a fundraising campaign to privately build a border wall. Is there anything about those allegations that would cause you to feel that you cannot be fair and impartial?

10. This case involves issues related to immigration, in particular regarding a plan to build a wall at the southern border of the Unites States. Do you have any views about those subjects that would interfere with your ability to serve as a fair and impartial juror?

11. This case involves issues that may be politically polarizing (i.e., evokes strong reactions from opposite ends of the political spectrum). Do you have any views about such issues that would interfere with your ability to serve as a fair and impartial juror?

12. This case may reference former President Donald Trump and/or his administration, associates, and family. Do you have any political or personal beliefs about former President Trump and/or his administration, associates, and family that would interfere with your ability to serve as a fair and impartial juror?

13. This case may reference Steve Bannon, a former co-defendant who was pardoned by former President Trump. Will knowledge of Bannon's pardon interfere with your ability to serve as a fair and impartial juror?

14. This case may reference politicians at the local, state, and federal levels. These politicians may hold political beliefs that differ from yours, or they may be part of a political party that is different from your own. Would such differences in political beliefs and/or affiliation interfere with your ability to serve as a fair and impartial juror?

15. This case involves and/or may reference the personal political beliefs and political party affiliations of others, including the defendant. These political beliefs and political

affiliations may be different from your own. If so, would that interfere with your ability to serve as a fair and impartial juror?[1]

16. Have any of you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be a crime, or that the law governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States government?

17. Does any of you have a problem with your hearing or vision or any medical issues which would prevent you from giving full attention to this trial?

18. Does any of you have any difficulty in reading or understanding English?

19. Does any of you have any religious, philosophical or other beliefs that would make you unable to render a fair and impartial verdict – either guilty or not guilty – based solely on the evidence presented in the case?

20. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case may last for approximately two weeks, but sometimes trials go longer than expected. Is there any juror for whom the proposed trial schedule would present a physical, mental, psychological, or personal problem that would prevent you from serving for at least two weeks?

21. With respect to any publicity this trial generates, I will instruct you that you are to absolutely avoid reading about this case in the newspapers or media and listening to any

---

[1] The Government objects to questions 11 through 15, because these questions raise issues that are irrelevant to the case and imply that political views are a factor in the jury's assessment of the evidence. Moreover, because the Government objects to the admission of evidence relating to the pardon of Stephen Bannon, the defendant's proposed question number 13 is not appropriate.

television or media reports concerning this case until after it is over. Will any juror have any difficult following this instruction?

### G. The Parties, Witnesses, and Locations

22. Defendant TIMOTHY SHEA is represented by John Meringolo, Clara Kalhous, and Anjelica Cappellino. Does any juror know or has any juror had any dealings, directly, or indirectly, with Mr. Meringolo, Ms. Kalhous, or Ms. Cappellino?

23. To your knowledge, do any of your friends, relatives, associates, or employers know the defendant or his attorneys or anyone who works for his attorneys?

24. The United States Government is represented in this case, as in all cases brought in this District, by the United States Attorney for this District, who is Damian Williams. The conduct of this trial will be handled by Assistant United States Attorneys Alison Moe, Nicolas Roos, and Robert Sobelman. They will be assisted by paralegal Sarah "Sunny" Drescher, Special Agents Justin Ellard and Jeremy Rosenman of the United States Attorney's Office, and Postal Inspector Daniel Gabel with the United States Postal Inspection Service. Does any juror know, or have you had any dealings, directly or indirectly, with any of these people or with any other member of the staff of the United States Attorney's Office for the Southern District of New York? Does any juror know, or have you had any dealings, directly or indirectly, with any other member of the staff of the United States Postal Inspection Service?

25. Have you or your family member, friends, associates, or employers had any dealings directly or indirectly with any of the individuals I just mentioned, the United States Attorney's Office, or the United States Postal Inspection Service?

26. During the trial, you may hear from or hear evidence about the following people or businesses:

[List to be provided]² 

Does any of you personally know any of the people or entities I have just named? Have you had any dealings either directly or indirectly with any of these individuals or entities?

27. During the trial, you may hear evidence about the following locations:

[List to be provided]

Are you familiar with any of the locations I have just named?

28. Does any of you, or your relatives or close friends, work in law, law enforcement, the justice system, the courts, or any correctional institution, jail or penitentiary? In what capacity? Has any of you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

29. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the United States Postal Inspection Service?

30. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

31. Have you, or has any member of your family, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service? Have you had any legal, financial, or other interest in the outcome of

---

² In light of the fact that some of these individuals are public figures, the Government anticipates that many prospective jurors will recognize some of these individuals and will have formed opinions about them. The Government therefore respectfully requests that the Court question individual jurors regarding their opinions of these individuals outside of the hearing of the other prospective jurors.

such a dispute? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

### H. Views on Certain Witnesses, Investigative Techniques, and Evidence

32. Have you, or any relative, close friend, or associate ever been involved—as defendant, victim, or any other way—in a case alleging fraud, false statements, money laundering, or obstruction of justice?

33. Have you or any of your close friends or relatives ever been a victim of any crime?

34. The Government witnesses in this case will consist in part of law enforcement personnel, and may include, for example, employees of the Internal Revenue Service, or IRS, and Special Agents and other personnel with the United States Attorney's Office or the United States Postal Inspection Service. A law enforcement witness' testimony is not to be given any more or less weight than testimony of any other witness. Would any of you be more or less likely to believe a witness merely because he or she is a member of a law enforcement agency or works for the Government?

35. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that[3] the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case? Would you have a bias for or against the Government because law enforcement officers conducted such a search, or used evidence obtained from such a search?

36. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

37. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

38. You may hear testimony from witnesses who have entered into what is called a cooperation agreement or a non-prosecution agreement with the Government. At the end of the case, I will give you more detailed instructions on this matter. I instruct you that the use of cooperation agreements and non-prosecution agreements is legal. Do you have any general feelings about the Government's use of cooperation agreements or non-prosecution agreements that would make it difficult for you to render a wholly fair and impartial verdict? Would you have any bias for or against the Government because of testimony obtained in this manner?[4]

---

[3] The Government requests that the Court include this instruction in the question, because it is an accurate statement of the law, and it clarifies an important question that prospective jurors may have.

[4] The parties have proposed different questions on subject of cooperating witnesses. The Government objects to the defendant's proposed question, on the grounds that it is factually and legally inaccurate. Moreover, the Government submits that a lengthy instruction about potential cooperating witnesses is confusing and unnecessary during voir dire.

39. You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, who has admitted his or her crimes and is testifying pursuant to an agreement with the government in which they agreed to testify for the government in the hope of receiving a lower sentence. You may also hear testimony from one or more witnesses who are testifying pursuant to a non-prosecution agreement, that is, a witness who is testifying pursuant to an agreement with the government in which they agreed to cooperate and in return will not be prosecuted for activities that may constitute crimes. I instruct you that the government is permitted to present the testimony of a witness who has entered into an agreement with the government and has been promised a benefit in exchange for their testimony but you should consider the testimony of these witnesses with great care and caution. I will instruct you at the end of this case that you should skeptical about the testimony of this type of witness and about the factors to consider in determining whether to rely on said testimony. It will be up to you as jurors to determine what weight, if any, to give to the testimony of such a witness. Is there anything about a witness who is testifying in exchange for a promise of leniency which would make it impossible for you to follow the Court's instructions about such a witness?

40. You may hear evidence in this trial of criminal activity committed by people other than the defendant. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

    **F.**    **Individual Questions For Each Juror**

41. Have you ever served as a trial juror or a grand juror in either the state or federal courts?

      (a)      If so, when and in what court did you serve?

      (b)      If you served as a trial juror was it in a civil or criminal case?

      (c)      Without telling us what the verdict was, did you reach a verdict?

42. Have you or has a relative or close friend ever been involved or appeared as a witness or complainant at trial, or before the grand jury, or before a legislative committee, licensing authority, or governmental agency?

      (a)      If so, would anything about your or their experience prevent you from being fair and impartial in this case?

43. Have you, or any of your relatives or close friends, ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military? If so, would you briefly state the circumstances of such charge, investigation or accusation? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

44. Have you, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

45. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

46. Have you or any members of your family or any close friends, to the best of your knowledge, had any experiences with the any agency of the United States Government (including the Internal Revenue Service), or any state or local law enforcement agency, that would or could prejudice you for or against the Government?

47. Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

48. Have you ever owned a business? If yes, please describe the type of business, the number of employees, and whether the business is still in operation.

49. Have you ever had any advanced education or employment in finance, economics, accounting or business administration? If yes, please explain.

50. Have you ever had any training or education in the law, criminal justice, or law enforcement? If yes, please explain.

G. **Basic Legal Principles**

51. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty, or not guilty, as charged in the indictment, using the legal instructions I provide. Does any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

52. Will you accept the law that the question of punishment is for the Court alone to decide, and that possible punishment must not enter into the deliberations of the juror as to whether the Government has proven the defendant's guilt beyond a reasonable doubt?

53. Under the American system of justice, a defendant is presumed innocent. The mere fact that a person has been arrested and charged with a crime means nothing. Does

anyone have any difficulty with this legal principle or think that because the defendant was charged with a crime in this case, that means he is probably guilty of a crime?[5]

54. Will you have difficulty accepting my instruction that the defendant is presumed innocent of the charges against him?

55. At this trial, the Government has the burden to prove each and every element of the crimes charged beyond a reasonable doubt. The defendant never has a burden to prove anything. Would you have difficulty accepting and applying this rule of law?

56. A defendant has the right to remain silent and there is no requirement that a defendant testify. In fact, testifying is difficult and in most criminal cases defendants do not testify.[6] You are not allowed as jurors to hold this against the defendant in any way or even to consider this fact in your deliberation. If the defendant in this case do not testify, will you be able to follow my instruction that you may not hold that against the defendant or even consider that fact in deciding whether or not the Government has proven the defendant's guilt beyond a reasonable doubt?

57. Will you accept the law that sympathy must not enter into the deliberations of the juror as to guilt or innocence of the defendant, and[7] that only the evidence produced here in Court may be used by you to determine whether the government has proven the defendant is guilty beyond a reasonable doubt?

---

[5] The Government objects to the defendant's proposed additions to this question, because they are confusing and unnecessary.

[6] The Government objects to this sentence, which is unfairly prejudicial and unnecessary.

[7] The Government notes that this is an accurate statement of the law, and an instruction in keeping with these principles is included in the parties' requests to charge.

58. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

59. Is there any juror who feels that even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a not guilty verdict for reasons regardless of the evidence?

60. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have a doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### H. Juror's Background

61. The parties respectfully request that the Court ask each juror to state the following information:

    (a)    the juror's age;

    (b)    the neighborhood in which the juror resides and any other area the juror has resided during the last ten years;

    (c)    where the juror was born;

    (d)    the juror's educational background, including the highest degree obtained, and where they attended school;

    (e)    the juror's occupation;

    (f)    the name of the juror's employer, and the period of employment with that employer;

    (g)  the same information concerning other employment within the last five years;

    (h)  the same information with respect to the juror's spouse, if any, and any working children;

    (i)  newspapers, magazines, television media, podcasts, and internet new sources the juror reads and how often;

    (j)  television programs the juror regularly watches;

    (k)  the juror's hobbies and leisure-time activities; and

    (l)  whether the juror is a member of any clubs or organizations.

**I.**  **Requested Instructions Following the Impaneling of the Jury**

  62. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss or communicate about this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing or communicating about the case with others includes in social media, on the internet, and discussions even with members of your own family, and your friends.

  63. Do not read or listen to anything touching on this case in any way. With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports about the case. You must not be influenced by anything you might hear or see outside the courtroom.

  64. Do not do any research or investigation about the case or anything touching upon the case. Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

65. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated: New York, New York
       May 3, 2022

                                         Respectfully submitted,

                                         DAMIAN WILLIAMS
                                         United States Attorney

By:       /s/
     Alison Moe
     Nicolas Roos
     Robert B. Sobelman
     Assistant United States Attorneys

TIMOTHY SHEA
Defendant

By:       /s/
     John Meringolo, Esq.
     Attorney for Timothy Shea