UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

              -against-

TIMOTHY SHEA,

              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/4/2022_

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On April 27, 2022, the Government moved to require Defendant, Timothy Shea, to comply with his reciprocal discovery obligations pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. Gov. Ltr., ECF No. 192. Defendant opposes the motion. Def. Ltr., ECF No. 198. For the reasons stated below, the Government's motion is GRANTED.

      Defendant argues that he has "not decided whether or not to put on a case," consistent with the defense's lack of obligation to put on a case-in-chief at trial. Def. Ltr. at 1. Defendant contends, therefore, that he has "no discovery production obligation" at this stage. *Id.* at 2. Defendant represents that he does not intend to call an expert, *see id.*, thus obviating the need, at this juncture, for disclosure of discovery regarding expert testimony under Rule 16(b)(1)(C). But, courts in this Circuit have been clear that even though a defendant may delay the decision as to whether or not to testify until the end of the presentation of the Government's case, "the trial strategy determination is not so protected." *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978). For that reason, where "the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *Id.*; *see also United States v. Huntress*, No. 13 Civ. 199S, 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015) (granting request to compel reciprocal discovery obligations even where defendant had "not made any decision as to whether it will be putting a case on"). And, as a result, courts routinely set a deadline for such disclosures at least a few weeks before the start of trial, even over defendants' objections. *E.g.*, *United States v. Avenatti*, ECF No. 213, No. 19 Cr. 374 (S.D.N.Y. Jan. 7, 2022) (requiring Rule 16 defense production to begin two weeks before trial); *United States v. Maxwell*, ECF No. 297, No. 20 Cr. 330 (S.D.N.Y. June 2, 2021) (three weeks). Defendant cites no authority compelling a contrary result.

      Trial in this matter is scheduled to begin in less than two weeks. Accordingly, by **May 9, 2022**, Defendant shall produce to the Government all documents and evidence subject to disclosure under Rule 16(b) including, as relevant, substantive, non-impeachment evidence. Defendant is also reminded that the Court has "broad discretion in fashioning a remedy" to address any instances of a party's non-compliance with their Rule 16 obligations, including "ordering the exclusion of evidence" where it finds that Defendant could have timely disclosed such evidence under Rule 16, but chose not to do so. *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (citation omitted); *see also United States v. Napout*, No. 15 Cr. 252, 2017 WL 6375729, at *8 (E.D.N.Y. Dec. 12, 2017).

In addition, Defendant asks that the Court instruct the Government to turn over "any exculpatory or impeaching material" subject to disclosure under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). Def. Ltr. at 3. The Government represents that it has made such productions and will continue to do so. Gov. Reply at 2, ECF No. 202, and Defendant identifies no specific deficiencies in the Government's productions or disclosures to date, or any reason to believe that the Government has not timely complied with its obligations, *see generally* ECF No. 201. Accordingly, the Court does not believe that a discovery order pursuant to *Brady* or *Giglio* is necessary based on the Government's good-faith representations that it is in compliance with its obligations, and any such request is DENIED. *See United States v. Underwood*, No. 04 Cr. 424, 2005 WL 927012, at *1–3 (S.D.N.Y. Apr. 21, 2005).

The Clerk of Court is directed to terminate the motions pending at ECF Nos. 192 and 198.

SO ORDERED.

Dated: May 4, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge