UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2022

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On May 18, 2022, the Government filed a motion asking the Court to (1) order Defendant, Timothy Shea, to provide notice concerning any intention he has of advancing a good-faith or advice-of-counsel defense, and (2) allow the Government to admit evidence that Shea transferred into his personal bank account the entirety of a Small Business Administration Covid-19 Economic Injury Disaster Loan (the "SBA Loan") he received on behalf of Ranch Property Marketing and Management ("RPMM"). *See generally* Gov. Mem. I, ECF No. 119. On May 19, 2022, Shea filed a motion asking the Court to preclude the Government from offering the expert testimony of Andrew Crain, a witness whose testimony the Government intends to offer to establish the creation and modification dates of certain documents. *See generally* Def. Mem. I, ECF No. 220. For the reasons stated below, the Court DENIES (1) the Government's motion with respect to Shea's providing notice of his defenses, and (2) Shea's motion, and RESERVES decision on the Government's motion with respect to the transfer of the proceeds of the SBA Loan.

    I. <u>Government's Motion</u>

        A.    Notice of Defenses

The Government argues that Shea should be required to provide pretrial notice of his intention to raise any good-faith or advice-of-counsel defenses, and that, if he does not provide

sufficient notice, the Court should preclude him from advancing those defenses at trial. Gov. Mem. I at 1–6. The Government also contends that it would be proper for Shea to advance a good-faith defense only with respect to the wire fraud charge. *Id*. at 2. Regarding the good-faith defense, Shea argues that the parties already provided the Court with "an agreed-upon good faith [jury] instruction with respect to the substantive wire fraud and honest services wire fraud," and he "has not sought a good faith instruction with respect to any other element of any other count with which [he] is charged." Def. Mem. II at 2.[1] And, regarding any advice-of-counsel-related defenses, Shea asserts that he does not intend to raise an advice-of-counsel defense at this time, but he reserves the right to request a hearing and an instruction "should the facts to which the Government's witnesses testify at trial tend to support a conclusion that [his] conduct met each and every element of the advice-of-counsel standard." *Id*. at 2–3.

An order requiring Shea to notify the Government of his intention to use a good-faith or advice-of-counsel defense is not warranted at this time. Shea disclaims any intention of advancing a good-faith defense except as it relates to the charges for which a jury instruction has already been agreed-upon by the parties. *Id.* at 2. He also states that he does not intend to raise any advice-of-counsel-related defenses based on information in his possession, and that he will only endeavor to do so if new, unanticipated facts arise during trial. *Id*. at 2–3. Therefore, Shea need not make any additional disclosures related to his defenses at this time. The Court also determines that Shea may request leave to raise advice-of-counsel defenses if evidence not previously known to him is revealed during trial and supports such defenses. *Cf. United States v. Scali*, No. 16 Cr. 466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (requiring advance

---

[1] Shea's response to the Government's motion was filed under seal.

disclosure for advice-of-counsel defenses "absent special considerations"), *aff'd*, 820 F. App'x 23 (2d Cir. 2020).

Accordingly, the Court DENIES this aspect of the Government's motion.

    B.  SBA Loan

The Government argues that it should be allowed to introduce evidence that Shea transferred into his personal bank account the money he received from the SBA Loan for RPMM because this evidence (1) demonstrates Shea's ownership and control over RPMM, and (2) rebuts the anticipated defense that RPMM is a legitimate company that performed services for We Build the Wall. Gov. Mem. I at 6–7. Shea contends that the Government should be precluded from introducing evidence regarding the SBA Loan because it is unduly prejudicial in light of his willingness to stipulate to the fact that he owns RPMM and controls RPMM's funds, and because "there are ample other transfers between the relevant entities . . . that would show that [he] is the authorized signer of the RPMM account and that RPMM transferred funds to accounts" in his name. Def. Mem. II at 3–5.

Based on the parties' submissions, the Court cannot rule on the admissibility of this evidence at this time. Whether the potential prejudice associated with the alleged misuse of Covid-19 funds substantially outweighs the probative value of evidence related to the SBA Loan will depend on the stipulations agreed to by the parties, the defense's arguments, and the other evidence admitted at trial. Accordingly, the Court RESERVES decision on this aspect of the Government's motion and shall address the admissibility of evidence related to the SBA Loan at trial.[2]

---

[2] The Court also shall not include Shea's proposed voir dire questions. Def. Mem. II at 5.

II. Defendant's Motion

Shea argues that the Government should be precluded from offering Crain's expert testimony on the metadata associated with certain documents because (1) "[t]he issue of document creation and modification . . . is not sufficiently complex to warrant an expert," and (2) the Government provided insufficient notice under Federal Rule of Criminal Procedure 16. Def. Mem. I. The Government states that after Shea filed this motion, the parties conferred and agreed that Crain may present his anticipated testimony as a lay witness. Gov. Mem. II at 1, ECF No. 221.

Accordingly, the Court DENIES Shea's motion as moot.

## CONCLUSION

For the reasons stated above, the Court DENIES (1) the Government's motion with respect to Shea's providing notice of his defenses, and (2) Shea's motion, and RESERVES decision on the Government's motion with respect to the SBA Loan.

SO ORDERED.

Dated: May 20, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge