# Meringolo Law

375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

June 3, 2022

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. Shea*, **20-Cr-412 (AT)**

Dear Judge Torres:

On behalf of Timothy Shea, the Defense respectfully submits this letter motion for a mistrial based on:

1) The disclosure of the substance of jurors' deliberations and the split of the jury, that occurred when 11 jurors requested the removal of the 12th ("Juror__") in Jury Note 2;
2) The resulting breach of the sanctity and secrecy of jury deliberations that cannot be undone or remedied;
3) The Court's singling out and questioning of Juror __ following the public reading of Jury Note 2;
4) The subsequent, improper Allen charge after the jury sent Note 3, indicating that it was unable to reach a unanimous verdict, that could only have been understood by the jurors as targeting Juror __, in light of the day's proceedings and the language concerning political bias contained within the Allen charge;
5) The fact that Juror __'s identity as the lone holdout juror has been made public in internet postings, rendering any resulting verdict to convict clearly coerced through the societal pressure that Juror __ now faces.

The 12 jurors and four alternates swore an oath to abide by this Court's instructions on May 24, 2022. At that time, the Court instructed the empaneled jurors that they must decide the case based on the evidence and without bias or favor to either party. Trial Tr. at 15. On May 31, 2022, as the Court gave the case to the jury, the Court again instructed them multiple times to consider the sufficiency of the Government's evidence and emphasized that Mr. Shea is presumed innocent unless and until they found that the Government had met its burden of proof beyond a reasonable doubt. See, e.g., Trial Tr. at 739-40.  The Court further told the jurors not to "tell me or anyone else how the jury stands on the issue of whether or not the defendant is guilty until after a unanimous verdict is reached." Trial Tr. at 799.

In Jury Note 2, however, the 11 jurors who appear to have decided to convict Mr. Shea, violated the Court's instructions when they sent 13 detailed points concerning their differences of opinion with Juror __, several of which clearly indicate the substance of the jury deliberations. In particular, Point 8, in which the 11 jurors write that Juror __ has "questioned the validity of testimony of the prosecution evidence, venue," and Point 3, in which the 11 jurors assert that Juror __ has posited that the Government's case may not have presented all of the relevant evidence ("what if more evidence exists"). From Jury Note 2, there is no question that 11 of the jurors have voted to convict Mr. Shea and only Juror __ finds the evidence insufficient—i.e., that the Government has failed to meet its burden of proof beyond a reasonable doubt. Further, the fact that Juror __ is alleged to have termed the Government's case a "Government witch hunt" and stated that it was brought in the Southern District of New York because the Government believed it was more likely to obtain a conviction in this District is not an unreasonable view of the evidence, but a considered evaluation of the strength of the Government's case.[1]

As a result of Jury Note 2's disclosures, the parties and the public now know far too much about the content of the jury deliberations. "[T]he rule of secrecy is fundamental to the effective operation of the jury system." *United States v. Thomas*, 116 F.3d 606, 619 (2d Cir. 1997). Thus, in *Thomas*, citing Justice Cardozo, the Circuit reiterated that, "Freedom of debate . . . might be stifled and independence of thought checked if jurors were made to feel that their arguments and ballots were to be freely published to the world." *Id.* (quoting *Clark v. United States*, 289 U.S. 1, 13, 53 S.Ct. 465, 468-69, 77 L.Ed. 993 (1933)). That is, of course, what has happened in this case. Because the parties and the public now know how the jury stands and the substance of their disagreements, freedom of debate and the probability that the jury will now be able to reach a fair and unbiased verdict has been impermissibly invaded and violated. Any verdict to convict now would be plainly the result of successful coercion of Juror __, not the result of free and fair deliberation.

In addition, because the alternate jurors were present during the first part of the public reading of Jury Note 2 (Trial Tr. at 835), any replacement of Juror __ with an alternate juror would further taint the deliberations, insofar as the alternate jurors are now aware that there is dissention among the deliberating jurors and that all but one juror are agreed on the verdict.

Further, the Court's questioning of Juror __ following the public reading of Jury Note 2 was objectionable. There is no reason to believe that Juror __ has failed to follow the Court's instructions or has declined to deliberate. On the contrary, the juror has, if Jury Note 2 is accurate, accused the *other* jurors of having voted to convict before considering the evidence, urging them to consider the facts of the case thoroughly before rushing to judgment. This is, of

---

[1] Juror __'s comments about the political nature of the prosecution clearly arose as a result of the evidence in this case. During the voir dire, the Court instructed the venire that, "Certain individuals and politicians may come up during the course of the trial. These people may hold political beliefs that you share or that differ from your own. Would such similarities or differences in political beliefs interfere with your ability to serve as a fair and impartial juror?" Jury Selection Tr. at 142. No hands were raised.

course, precisely what the Court asked the jury to do. Juror __, who affirmed during the voir dire that he would be fair and impartial (Jury Selection Tr. at 157), is fulfilling his oath by thoroughly and conscientiously considering the sufficiency of the evidence. That he finds it lacking is not a reason to dismiss him or to coerce him to change his views. Yet, in questioning him separately following the public reading of the Note, the Court placed improper and unreasonable pressure on Juror ___ to change his views. (Realistically, there is no probability that Juror __ would be able to convince the other 11 of his perspective, especially when they have all banded together and singled him out already.)

After questioning Juror __ in private and having dispelled any concerns raised in Jury Note 2 about Juror __'s willingness to consider deliberating (Trial Tr. 842-43), the Court's Allen charge, given at 4:45 pm, an hour after the jury had sent Jury Note 3 indicating that they were deadlocked, impermissibly intruded on the on the substance of the deliberations and improperly invaded the jury's province by instructing the jurors specifically to decide the case without reference to political views and in light of the fact that their failure to reach a verdict would result in a new trial. Before the Court gave the Allen charge, the Defense proposed language taken from *United States v. McDonald*, 759 F3d 220, 222 n 2 (2d Cir. 2014):

> I remind you that you should discuss and consider the evidence, listen to the arguments of your fellow jurors, present your individual views, and consult with one another. You should not hesitate to change your views if you are convinced they are erroneous. However you should not surrender a conscientiously held conviction simply because you are outnumbered or merely in order to reach a verdict.

*Id.* (quoting Appellant's Appendix at 788 [quoting 1–9 Leonard B. Sand et al., *Modern Federal Jury Instructions—Criminal* ¶ 9.12 (2014)]). The Court declined to follow the Sand instruction, instead giving a lengthy charge that, light of all of the day's proceedings, could only have been understood to be singling out Juror __ and pressuring him to come to a verdict. In relevant part, the Court's Allen charge instructed the jurors that:

> I understand from your note that you have been unable to reach a unanimous verdict. As I told you in my initial instructions, any verdict you return must be unanimous. If you cannot reach a unanimous agreement, you cannot return a verdict and a new trial will have to be scheduled before a different jury.
>
> [. . .]
>
> At the beginning of the case, you each took an oath to well and truly try this issue and a true verdict give according to the law and the evidence. Pursuant to that oath, each of you has a duty to deliberate. That entails a duty to consult one another, to consider each other's views with an open mind, and to discuss the evidence with the objective of reaching a just verdict. Under your oath as jurors, you are not to be swayed by sympathy, emotion, or **political views or opinions**.

Honorable Analisa Torres
United States District Judge
June 3, 2022
Page 4 of 5

> [. . .]
>
> You've been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy, emotion, or **political views or opinions** interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. You must make a fair and impartial decision so that you will arrive at the just verdict.
>
> You are a superb jury. If we have a retrial of this case before a new jury, we could not find people any more intelligent, reasonable, hardworking, or fair than you are. I want to emphasize that. I'm not asking any juror to violate his or her conscience or to abandon his or her best judgment. Any verdict you reach must be the verdict of each juror and not mere acquiescence in the conclusion of others.
>
> I'm asking you to continue to deliberate and to resume your deliberations with an open mind. Start with a fresh slate. Do not feel bound by how you felt before. Have the courage to be flexible. Be willing to change your position if a reevaluation of the evidence convinces you that a change is appropriate. Do not adhere to an opinion or conclusion that you no longer believe is correct.
>
> However, if you are convinced that you are correct, you may stand your ground and not change your position. Be honest with yourselves and with the other jurors. Listen to the other jurors and evaluate what they have to say. Do not let anything prevent you from carefully considering what they say. Remember that each of you made a commitment when you became a juror that requires you to reason and deliberate together to reach a fair and just verdict based only on the evidence. Of course, while a discussion among jurors may at times be intense, I am sure you understand that it can and should also be respectful of the feelings and opinions of the other jurors.
>
> I urge that each of you make every possible effort. Make certain that the decision you reach is based solely on the evidence and the law and is not influenced or affected by sympathy for or against any individual or for or against either side. Be sure that no baseless speculation, no bias or prejudice for or against any individual enters into your deliberations.
>
> [. . .]

Trial Tr. at 846-49 (emphasis supplied).

The Court's repeated reference to political views was unquestionably understood by all of the jurors as a comment on what Jury Note 2 had claimed were Juror __'s comments about the case being a "Government witch hunt." In addition, the Court's statements about the potential effect on the parties—that the case would have to be tried again—improperly pressured the jury to come to a decision based on a consideration other than the evidence presented. Especially

Honorable Analisa Torres
United States District Judge
June 3, 2022
Page 5 of 5

because all of the jurors were aware that the Allen charge was directed at Juror __ and his purported refusal to acquiesce to the majority view, the charge's language was unduly coercive and wrongly singled out the holdout juror, requiring declaration of a mistrial.

    For all of these reasons, the Defense again moves for a mistrial.

                                Respectfully,

                                ____/s/_____

                                John Meringolo, Esq.

Cc:    All parties (by ECF)