SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK          :
                                         :
                                         :
  -against-                              :      **AFFIRMATION OF**
                                         :      **ACTUAL ENGAGEMENT**
                                         :
                                         :      Indictment No: 1473/2021
                                         :
THE TRUMP CORPORATION                    :
d/b/a THE TRUMP ORGANIZATION,            :
TRUMP PAYROLL CORP., d/b/a               :
THE TRUMP ORGANIZATION,                  :
ALLEN WEISSELBERG, *et al.*              :
                                         :
                         *Defendants*.   :
------------------------------------------------------------X

     **JOHN C. MERINGOLO, ESQ.**, an attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury, the following:

     1.    I am trial counsel for Trump Payroll Corporation ("TPC") in the above-captioned matter and am familiar with all the facts and circumstances as hereinafter set forth.

     2.    I was recently retained by TPC following the guilty plea of co-defendant Allen Weisselberg. Mr. Weisselberg's guilty plea, together with the Court's mandate that he testify against TPC at trial, materially altered the course of the case and scope of the trial going forward. Based on this, the Trump Payroll Corporation Defendant decided that it needs separate counsel and requested that I represent it at trial.

     3.    On October 24, 2022, the above-captioned matter is scheduled to commence trial. I, however, am presently engaged as lead counsel in another case, *United States v. Timothy Shea,* 20-CR-412 (AT) (S.D.N.Y.), before the Honorable Analisa Torres, in the Southern District of New York (the "SDNY Case"), which is scheduled to begin trial, which is a retrial of a previously held

trial, on the same date – October 24, 2022.  As a result, I would be unable to begin the trial before this Honorable Court due to the conflicting dates.

4. It is respectfully submitted that the trial in the SDNY Case has priority over the above-captioned matter, pursuant to 22 NYCRR § 125.1(c)-(d), specifically due to the timespan of that matter, which has lasted approximately 26 months, as well as the scheduling issues surrounding the myriad of witnesses, many of whom (including my client) reside out-of-state, necessitating travel and hotel accommodations for the October 24, 2022 retrial.

5. Insofar as the first trial in the *Shea* case lasted approximately three weeks, I anticipate that the re-trial will end approximately three weeks after the scheduled October 24, 2022 retrial date, which would make me first available for the above trial on or about November 14, 2022 or anytime thereafter.

6. The request for this adjournment is only due to my actual engagement and not my ability proceed to trial on October 24, 2022 on behalf of TPC.

7. Susan Necheles, lead trial counsel for co-defendant, the Trump Corporation, has been advised of this scheduling conflict and consents to the adjournment requested herein.

8. I have provided notice of my actual engagement by providing a copy of this Affirmation to all other counsel in the above-captioned matter. Proof of service attached hereto.

9. Today, I spoke to Assistant District Attorney Susan Hoffinger, Esq., of the New York County District Attorney's office and she respectfully objects to a continuance.

**WHEREFORE**, it is respectfully requested that the above-captioned matter be adjourned on the basis of my actual engagement to a date from November 14, 2022 or onward.

Dated: September 1, 2022
      New York, NY

_____
John Meringolo, Esq.