UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/22/2022__

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By letter dated October 20, 2022, the Government informed the Court that it received materials related to Defendant from the New York County District Attorney's Office (the "DANY"). ECF No. 298 at 2. These materials include the state grand jury testimony of ███████████████████████████████████████████████████████ By operation of New York law, the ███ received immunity automatically upon testifying. *See* N.Y. CPL § 190.40. Under *Kastigar v. United States*, the Government is prohibited "from using the compelled testimony in any respect, . . . [which] insures that the testimony cannot lead to the infliction of criminal penalties on the witness." 406 U.S. 441, 453 (1972). To avoid running afoul of *Kastigar*, the Government requests that the Court enter a protective order with respect to transcripts of the ███████ testimony and related notes or reports created prior to such testimony (the "Protected Material"). ECF No. 298 at 1. The Government has submitted a proposed protective order (the "Proposed Order"), which contemplates that a filter team comprised of Assistant United States Attorneys unrelated to the prosecution team in this action will receive the Protected Material and turn it over to the defense. ECF No. 298-1.

      By letter dated October 21, 2022, Defendant seeks to modify the Proposed Order such that paragraph 2 is expanded to include Defendant's "investigator and paralegal, as well as potential successor appellate counsel." ECF No. 300 at 1. Defendant further seeks to remove the requirement that Defendant "seek the Court's permission" before filing or describing Protected Material in any filing. *Id.* at 1–2. Defendant also requests additional discovery, specifically "a complete set of the correspondence between the Government and the [DANY] concerning . . . the federal investigation, the state investigation, the Defense's subpoena to the District Attorney's Office, and the disclosure of these materials." *Id.* at 2.

      The Government is directed to modify the Proposed Order such that:

1. Defendant's investigator and paralegal, but not "potential successor appellate counsel," shall be allowed to view or possess the Protected Material;

2. Defendant shall file under seal any submissions referencing the Protected Material and include a cover page on such submissions indicating that the filing references or describes Protected Material; and

    3. The requirement that Defendant "seek the Court's permission" before filing or describing the Protected Material, *see* ECF No. 298-1 ¶ 6, shall be deleted.

Defendant cites no authority to support his request for additional discovery. Further, the additional discovery sought by Defendant is not covered by Federal Rule of Criminal Procedure 16(a), 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83 (1963).

Accordingly, the parties' requests are GRANTED in part and DENIED in part.

SO ORDERED.

Dated: October 22, 2022
      New York, New York

                                                      ANALISA TORRES
                                                      United States District Judge