UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2022

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 18, 2022, Defendant served the New York County District Attorney's Office ("DANY") with a subpoena (the "Subpoena") pursuant to Federal Rule of Criminal Procedure 17(c). ECF No. 303-1. The Subpoena calls for District Attorney Alvin Bragg to testify or produce "[a]ny and all exculpatory materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)[,] that relate[] to Timothy Shea, Stephen Bannon[,] and We Build the Wall, including but not limited to: grand jury testimony, witness interviews and notes, written communications such as emails, texts, and phone records, and law enforcement memoranda" in connection with a criminal matter pending in Supreme Court, New York County, titled *People v. Bannon*, IND-73554-22. ECF No. 303-1. Before the Court is DANY's letter motion dated October 21, 2022, to quash the Subpoena, ECF No. 303.

    After Defendant issued the Subpoena, by letter dated October 18, 2022, Defendant requested that the Court "issue an order compelling the government to produce any and all exculpatory materials pursuant to Federal Rule[] of Criminal Procedure Rule 16(a) and/or pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and their progeny[.]" ECF No. 294 at 1. Defendant claimed to have "knowledge that exculpatory materials exist, and were, in fact, produced" in the state court matter against Bannon. *Id.* During a conference on the afternoon of October 18, 2022, the Court inquired whether the parties knew of exculpatory material that had not been turned over to the defense. ECF No. 296; Dkt. Entry 10/18/2022. The Government asserted that it had complied with its obligations under Rule 16 and *Brady*, and stated that it did not have the materials that are in DANY's possession. Defense counsel conceded that she had no details about what, if any, materials in DANY's possession might potentially be exculpatory. The Court gave Defendant an opportunity to further brief the issue, but Defendant did not do so.

    By letter dated October 20, 2022, the Government informed the Court that on October 19, 2022, "DANY contacted the Government and stated its intention to produce to the Government certain materials that may relate to . . . [D]efendant, in particular, transcripts of certain state grand jury testimony and witness interview notes[.]" ECF No. 298 at 2. The Government wrote that it "was unaware" of the materials "until DANY contacted the Government and stated its intent to produce." *Id.* at 2 n.4. On October 20, 2022, DANY notified the Government that it obtained a sharing order from a state court judge that would allow DANY to turn over the material to the Government. *Id.* at 2. The Government agreed to receive those materials and informed DANY that it "intend[ed] to immediately produce copies of the materials to . . . [D]efendant" upon receipt

of those materials. *Id.*

By letter dated October 20, 2022, the Government also informed the Court that the Government had received materials related to Defendant from DANY. *Id.* Because the Government is prohibited from using compelled testimony under *Kastigar v. United States*, 406 U.S. 441 (1972), the Government requested that the Court enter a protective order with respect to the transcripts of the testimony and related notes or reports created prior to such testimony (the "Protected Material"). ECF No. 298 at 1. The Government's proposed protective order suggested that a filter team comprised of Assistant United States Attorneys unrelated to the prosecution team in this action would receive the Protected Material and turn it over to the defense. ECF No. 298-1 at 1. On the morning of October 22, 2022, the Court directed the Government to modify its proposed protective order to incorporate some of Defendant's objections to the Government's proposal, *see* ECF No. 300. Later that morning, after the Government filed a revised protective order (the "Protective Order"), ECF No. 305-1, which the Court "so ordered."[1]

Thereafter, the Court ordered Defendant to respond to DANY's motion to quash the Subpoena, and asked the parties and DANY for supplemental briefing. For the reasons stated below, DANY's motion to quash is GRANTED.

As a threshold matter, DANY has standing to file a motion to quash as recipient of a Rule 17(c) subpoena.[2] *See* Fed. R. Crim. P. 17(c)(2); *United States v. Friedman*, 854 F.2d 535, 571 (2d Cir. 1988). Thus, the Court shall address the merits of DANY's motion to quash.

Rule 17(c) subpoenas must meet three criteria: (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014). The party issuing the subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Defendant suggests that the less stringent standard applied in *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), should apply here. *See* ECF No. 308 at 2–3. But, as Defendant acknowledges, *Tucker* is not "prevailing law in this district." *Id.* at 2. District courts in the Second Circuit apply the standard identified in *Nixon*, 418 U.S. at 699–700, to third-party subpoenas issued by the defense. *See United States v. Barnes*, No. S9 04 Cr. 186, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008). Therefore, this Court shall apply the *Nixon* standard.

First, Defendant argues that the requested materials in the Subpoena are relevant because they are exculpatory. *See* ECF No. 308 at 3. Defendant sets forth no other arguments regarding

---

[1] On the evening of October 22, 2022, the Government confirmed that its filter team "produced to the defense all of the [s]tate [g]rand [j]ury [m]aterials . . . subject to the [P]rotective [O]rder." ECF No. 309.

[2] The docket in this action lists District Attorney Bragg as an interested party. DANY "sought [that designation] as a matter of practicality, as DANY could not otherwise submit its letter motion via ECF." ECF No. 307 at 2. DANY's interest in this matter "is limited exclusively to resolving the non-party subpoena issued by [D]efendant[.]" *Id.*

2

the relevance of the sought information. *Id.* To the extent that Defendant seeks materials concerning defendants in the state court case, specifically Bannon and WeBuildTheWall, Inc., apart from exculpatory information as to Defendant, such materials are not relevant to this action and are, therefore, not within the scope of Rule 17(c).

Second, Defendant seeks "grand jury testimony, witness interviews and notes, written communications such as emails, texts, and phone records, and law enforcement memoranda" which DANY argues would be inadmissible hearsay. ECF No. 303 at 2. In response, Defendant contends that such evidence "may be used for permissible impeachment purposes."[3] ECF No. 308 at 3. But, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial" in the absence of other valid evidentiary uses for the same material. *Nixon*, 418 U.S. at 701–02; *see also United States v. Scaduto*, No. 94 Cr. 311, 1995 WL 130511, at *1 (S.D.N.Y. Mar. 27, 1995) ("Potentially impeaching statements 'ripen into evidentiary material . . . only if and when the witness testifies at trial.'" (quoting *United States v. Cuthberson*, 630 F.2d 139, 144 (3d. Cir. 1980))). Subpoenaed impeachment materials cannot be made returnable until the time at which the witness they will be used to impeach testifies at trial. *See United States v. Seabrook*, No. 16 Cr. 467, 2017 WL 4838311, at *2 (S.D.N.Y. Oct. 23, 2017).

Third, the Subpoena is impermissibly vague. "The proponent of a subpoena must reasonably specify the information contained or believed to be contained in the document sought." *Seabrook*, 2017 WL 4838311, at *2 (citing *United States v. Treacy*, No. 08 Cr. 0366, 2008 WL 5082884, at *3 (S.D.N.Y. Dec. 1, 2008)). "A general assertion that certain material 'might contain exculpatory information' is insufficient to prevail against a motion to quash under Rule 17(c)." *United States v. Johnson*, No. 10 Cr. 431, 2013 WL 3948454 at *1 (S.D.N.Y. July 24, 2013) (quoting *Scaduto*, 1995 WL 130511, at *2). Defendant concedes that he does not know whether the materials actually contain exculpatory information. *See* ECF No. 308 at 3 ("[Defendant] can[not] properly prepare for trial *if there exists* exculpatory materials of which he is being denied [sic]." (emphasis added)). The Court already rejected this argument at the October 18, 2022 conference, and Defendant provides no support for its contention that the Court should revisit its conclusion.

Additionally, much of the information that Defendant seeks is likely obtainable by other means. In particular, Defendant has already received the Protected Material. ECF No. 309. Defendant has not identified what other material, if any, is still in DANY's possession that would not have been turned over to the defense under the Protective Order.

---

[3] Defendant also states that "there is reason to believe that the materials sought can be admissible on various grounds," but does not state which materials sought would be admissible nor for what purpose. ECF No. 308 at 4.

Accordingly, because Defendant has not satisfied the relevancy, admissibility, and specificity requirements set forth in *Nixon* and its progeny, DANY's motion to quash is GRANTED.[4]

The Clerk of Court is directed to terminate the motion at ECF No. 303.

SO ORDERED.

Dated: October 23, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] DANY also argues that production of the sought materials would be unduly burdensome and that they are protected by several forms of privilege. *See* ECF No. 303 at 2–4. However, the Court need not reach these arguments under *Nixon*. *See United States v. Skelos*, No. 15 Cr. 317, 2018 WL 2254538, at *2 n.3 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021).