

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2022

**BY ECF & EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Timothy Shea*, S2 20 Cr. 412 (AT)

Dear Judge Torres:

      At the end of the trial day yesterday, defendant Timothy Shea confirmed on the record that he intends to call co-defendant Brian Kolfage as a defense witness. The Government writes to respectfully request that prior to Kolfage's testimony, the Court allocute Kolfage outside the presence of the jury to confirm that he is knowingly and voluntarily waiving his Fifth Amendment privilege against self-incrimination.

      As the Court is aware, Kolfage pled guilty to Count One of Indictment 20 Cr. 412 (AT), which charged him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. In Kolfage's plea agreement, the Government agreed to dismiss the remaining open counts, namely, Count Two of Indictment 20 Cr. 412 (AT), which charges Kolfage with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Kolfage is awaiting sentencing. As the Court also knows, Shea's trial is proceeding on Superseding Indictment S2 20 Cr. 412 (AT), which charges Shea for his participation in the same wire-fraud and money-laundering conspiracies, as well as a third count, for falsifying a document in connection with a federal investigation, which was added to the superseding indictment after Kolfage's plea.

      The law is clear that in this circumstance, Kolfage retains a valid Fifth Amendment privilege.[1] *See Mitchell v. United States*, 526 U.S. 314, 325-26 (1999). As the Supreme Court explained in *Mitchell*, "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." *Id.* at 326; *see also, e.g., United States v. Londono*, 175 F. App'x 370, 374-75 (2d Cir. 2006) (rejecting argument that defendant's

---

[1] ███████████████████████████████████████

guilty plea "affirmatively waived his Fifth Amendment privilege against self-incrimination," in recognition of the fact that if the defendant, awaiting sentencing, had testified at a co-defendant's trial, "his testimony might have affected his Guidelines calculation and, ultimately, his sentence"). Even before *Mitchell*, the Second Circuit recognized the important justifications for this rule. Where a trial defendant seeks to call as a witness a co-defendant who is awaiting sentencing, that witness retains a Fifth Amendment right because his testimony could provide a basis for an increased sentence, could constitute evidence as to open or as-yet-uncharged counts, or grounds for an obstruction-of-justice enhancement at sentencing. *See United States v. Bhadar*, 954 F.2d 821, 824 (2d Cir. 1992).

Nor may Kolfage pick and choose which questions to answer under oath. To be sure, selective invocations are sometimes permissible. *See, e.g.*, *United States v. Spinelli*, 551 F.3d 159, 166-67 (2d Cir. 2008) ("By taking the witness stand in his defense, a defendant does not give up his right under the Fifth Amendment to refuse to answer *all* questions."). But "[i]t is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell*, 526 U.S. at 321. So if Kolfage testifies, he "may not pick and choose what aspects of a subject to discuss." *Spinelli*, 551 F.3d at 167 (otherwise witness "would be able to distort the facts"). If Kolfage testifies for the defense but then invokes his Fifth Amendment privilege during the Government's cross-examination, the Court may need to strike Kolfage's testimony. *See, e.g.*, *United States v. Frank*, 520 F.2d 1287, 1292 (2d Cir. 1975) (proper to strike testimony of defense witness who invoked privilege against self-incrimination on cross-examination; "In this situation the Government is surely entitled to the protection of the same rule against admissibility of non-collateral testimony not subject to cross-examination as is a defendant"); *accord, e.g.*, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640 (9th Cir. 2012) ("We have long held that a district court may strike the testimony of a witness in a criminal proceeding to avoid a witness's improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield.").

In advance of his testimony, outside of the presence of the jury, the Court should confirm that Kolfage understands that his Fifth Amendment privilege is not circumscribed by his guilty plea. The Court has the discretion to make that clear to him. *See United States v. Valdez*, 16 F.3d 1324, 1331 (2d Cir. 1994) ("[A] district court certainly has the discretion to ensure that a witness in danger of unwittingly incriminating himself is aware of his constitutional privilege."). The Second Circuit has cautioned that the exercise of that discretion should be "carefully tailored to ensure that warnings do not become threats." *Id.* Here, the Government proposes that the Court confirm, prior to any testimony and outside of the presence of the jury, that Kolfage understands that he has a Fifth Amendment right not to give testimony that could tend to incriminate him and/or subject him to additional penalties at sentencing, and that he wishes to knowingly and voluntarily waive that privilege. A proposed allocution is attached as Exhibit A. Such an allocution would be appropriately tailored and would not be threatening to Kolfage, but would confirm that he understands and has been accurately advised about his rights before deciding whether to testify. *See United States v. Garza-Gonzalez*, 512 F. App'x 60, 64 (2d Cir. 2013) (affirming district court's warning on this subject to two witnesses where the comments were "appropriately tailored, and nothing about them was even remotely threatening"); *United States v. Ash*, No. 19 Cr. 780 (LAK)

(S.D.N.Y. Dec. 8, 2021), Trial Tr. 789 (confirming witness's understanding of Fifth Amendment rights prior to testimony).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: \_\_\_/s/_____
     Mollie Bracewell
     Robert B. Sobelman
     Derek Wikstrom
     Assistant United States Attorneys
     (212) 637-2218 / 2616 / 1085

Cc: John C. Meringolo, Esq.
    Anjelica B. Cappellino, Esq.
    Clara S. Kalhous, Esq.

Exhibit A: Proposed Allocution

Mr. Kolfage, before you testify, I am going to advise you of the following.

You have the right, under the Fifth Amendment to the United States constitution, not to give any testimony if you have a well-founded fear that the testimony may tend to incriminate you of a crime, whether a federal crime or a state crime. Do you understand that?

Even if you have pled guilty to a federal crime in this matter, that does not necessarily mean you no longer have a Fifth Amendment right not to testify. You would retain that right if, for example, you have a well-founded fear that your testimony may tend to incriminate you with respect to a different crime to which you have not pled guilty, or if you have a well-founded fear that your testimony may have the effect of increasing your sentence, such as by leading to an enhancement in the applicable Guidelines range. Do you understand?

Of course, it is your decision and your decision alone whether to testify. I am not in any way suggesting that you should or should not testify. I simply want to make sure that you fully understand your rights, and that you have had a chance to discuss them with your attorney. Do you understand? Do you wish further time to speak with your attorney?

Do you wish to knowingly and voluntarily waive your right not to incriminate yourself and to testify in this matter?

Have you discussed with your attorney your decision to knowingly and voluntarily waive your right not to incriminate yourself and to testify in this matter?

Are you satisfied with the representation your attorney has provided in this matter?