**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

October 26, 2022

<u>**VIA ECF**</u>
Honorable Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *United States v. Timothy Shea,* **20-CR-412 (AT)**

Dear Judge Torres:

On October 18, this Court ruled that the stipulations admitted at the previous trial were admissible at the retrial which began on October 24, 2022. Pursuant to that ruling, the Government has offered, and the Court has admitted, numerous stipulations and exhibits into evidence at trial this week.

On May 26, 2022, the defense read into the trial record a stipulation concerning the Defense's email exhibits, which read:

> It is hereby agreed and stipulated by and between the United States of America and Timothy Shea, the defendant, that Defense Exhibit 602, 613, 629, 627, 628[1], 728, 740, 763, 764 and 800, and their subparts, are authentic copies of e-mails and their attachments produced by e-mail service providers pursuant to a court-authorized search warrant. The "from", the "to," the "cc," the "bcc" fields accurately display the e-mail addresses that sent or received the e-mails. The "sent" field accurately displays the dates and the times on which the e-mails were sent. Subpart exhibits were attachments to the main e-mails, e-mail exhibits. For example, Defense Exhibit 602 was attached to Defense Exhibit -- 602A was attached to Defense Exhibit 602.
>
> It is further stipulated and agreed that this stipulation as well as the defense exhibits received subject to any objections under rule 401 or 403 of the Federal Rules of Evidence.

Trial Transcript (May 26, 2022) at pp. 563-64.

---

[1] This number was read in error and has been removed from the current proposed stipulation

The Defense has diligently searched its files and has not been able to locate the original signed stipulation. To the best of our recollection, it may have been provided to the jury during deliberations along with the rest of the exhibits before a copy was made for the parties' records. Accordingly, we have asked the Government to sign a new stipulation with identical text, referencing identical exhibits, which we seek to introduce on the Defense's case-in-chief.

The Government now advises us that it will object to three of the referenced exhibits – 728, 740, and the third page of 763 – on hearsay grounds.

We ask the Court to confirm that the (re-created) stipulation admitted at the last trial and the exhibits admitted pursuant thereto may be admitted in the Defense's case-in-chief. There should be no room for alterations in the text of a stipulation that the Court has ruled is binding on the parties. There was no hearsay carve-out in the previous stipulation and the Government did not object to admissibility of the referenced exhibits. The same result should apply here.

In addition, the Government advises us that it intends to object to our proposed exhibits in the 2000 series (bank records from the Sheas' US Bank account ending in 8292) and the 1600 series (bank records from the Synovus Bank account ending in 1294 for We Build the Wall). All of these bank records were produced by the Government in discovery and admitted in the Government's case-in-chief at the prior trial. We raise these issues now to alert the Court that we will need to take a few minutes of the Court's time to resolve them before the commencement of the Defense's case.

We thank the Court for its time and consideration.

Respectfully submitted,
   /s/
John Meringolo, Esq.

Cc:     All parties (by ECF)