

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 3, 2022

**BY ECF & EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
torres_nysdchambers@nysd.uscourts.gov

      **Re:**    *United States v. Timothy Shea*, No. S2 20 Cr. 412 (AT)

Dear Judge Torres:

      The Government respectfully submits this letter to inform the Court that, on October 29, 2022—after the jury returned a verdict on October 28, 2022—one of the undersigned Assistant United States Attorneys (the "AUSA") received a communication from an individual whom the Government has learned is the adult child of a juror ("Person-1").

      By way of background, over the past approximately three years, Person-1 and the AUSA have had periodic communications regarding Person-1's education and career, and in which Person-1 sought career-related advice. Person-1 and the AUSA attended the same college at different times. The AUSA has never met or communicated with Person-1's mother.

      On October 25, 2022, Person-1, who is currently a law student outside of the New York City metropolitan area, emailed the AUSA to provide an update on Person-1's education and career, and sought career-related advice. Person-1 did not reference this case or Person-1's mother.

      On October 29, 2022, after the trial in this matter was concluded, the AUSA responded to Person-1's email and, as is relevant here, noted that the AUSA had just finished the trial in this case. That same day, Person-1 responded, in pertinent part, as follows:

> My mom was on the jury of your case! She was juror ▮▮▮▮▮▮ row. I've heard lots about it all week, congratulations on the win! What a funny coincidence. Good thing my mom didn't make the connection beforehand and have to recuse herself. I know she enjoyed it.[1]

---

[1] The Government has redacted the relevant juror's number and position in the jury box to protect the privacy interests of the juror and requests that the unredacted version of this letter, which will be submitted by email, be filed under seal.

The Government is bringing this communication to the Court's attention in the interest of transparency; no action by the Court is necessary.  Person-1's email does not indicate that any juror misconduct has occurred.  Indeed, the communication indicates that the juror "didn't make the connection" that the AUSA had previously been in touch with Person-1, and in any event, Person-1's email does not provide any reason to believe that any of the juror's answers to the Court's *voir dire* questions were inaccurate or incomplete.  Furthermore, Person-1's statement about having "heard lots about" the trial from the juror is likewise not an indication of impropriety.  To be sure, the Court instructed the jury not to discuss the substance of the case.  (*See, e.g.*, *Voir Dire* Tr. 155).  But there is no indication that the juror discussed the substance of the case—as opposed to the fact of her jury service, or other information that would not run afoul of the Court's instructions.  And there is a strong presumption that the juror followed the Court's instructions. *See, e.g.*, *Shannon v. United States*, 512 U.S. 573, 585 (1994); *United States v. Ferguson*, 676 F.3d 260, 292 (2d Cir. 2011); *Britt v. Garcia*, 457 F.3d 264, 272 (2d Cir. 2006).

As a result, no inquiry by the Court is necessary.  Courts are, in general, "reluctant to 'haul jurors in after they have reached a verdict in order to prove for potential instances of bias, misconduct or extraneous influences.'" *United States v. Sattar*, 395 F. Supp. 2d 66, 73 (S.D.N.Y. 2005) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983), *aff'd sub nom. United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009).  Here, there is no evidence that the juror in question engaged in any misconduct.  There is thus no need for any further inquiry by the Court, because an inquiry is only necessary "when there is clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant."[2]  *United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018) (quoting *Moon*, 718 F.2d at 1234).  There is no such evidence here.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     /s/
        Mollie Bracewell
        Robert B. Sobelman
        Derek Wikstrom
        (212) 637-2218/2616/1085

---

[2] Nor may the parties engage in any investigation or contact the juror without the Court's permission.  The Second Circuit has long recognized that "post-trial questioning of jurors must only be conducted under the strict supervision and control of the court," *United States v. Brasco*, 516 F.2d 816, 819 n.4 (2d Cir. 1975), and "has unambiguously prohibited parties from questioning jurors after the verdict without at least notice to the Court and opposing counsel." *Sattar*, 395 F. Supp. 2d at 75 (citing *United States v. Schwarz*, 283 F.3d 76, 98 (2d Cir. 2002)).

Cc:    John C. Meringolo, Esq.
        Anjelica B. Cappellino, Esq.
        Clara S. Kalhous, Esq.