# Meringolo & Associates, P.C.

375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

November 14, 2022

**VIA ECF**
Honorable Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Timothy Shea,* **20-CR-412 (AT)**

Dear Judge Torres:

On behalf of defendant Timothy Shea, and after due deliberation, we respectfully ask the Court to set a date for a hearing at which the juror and Person-1 referenced in the Government's letter dated November 3, 2022, may be questioned about the representations outlined in the Government's letter. Specifically, the Defense is concerned that Person-1, "heard lots about" the trial "all week," and that the juror did not, to the best of the Defense's recollection[1], disclose that her child was a law student who had received advice from one of the Assistant United States Attorneys who tried the case against Mr. Shea.

*United States v. Langford*, 990 F.2d 65 (2d Cir. 1993) provides in relevant part that a juror's failure to provide truthful answers during voir dire, even if inadvertent, negatively affects the parties' ability to exercise their preemptory and cause challenges in a meaningful way and may warrant a new trial. *See also United States v. Colombo*, 869 F.2d 149 (2d Cir 1989) (granting new trial where juror had failed to disclose, *inter alia*, that she had a brother-in-law who was an attorney for the government because she wanted to sit on the case).

Here, the Court instructed all prospective jurors at the start of the voir dire that they must be truthful in their answers to the Court and that the process was designed to ensure that the jurors selected to serve would do so free from any bias or prejudice. The juror in question, an attorney herself, surely understood the importance of the voir dire questioning. It is hard to believe that her failure to fully disclose her adult child's relationship with the United States Attorney's Office was a completely innocent oversight. We ask the Court to inquire of the juror the reason for her failure to disclose her adult child's relationship with the US Attorney's Office. Further, in light of Person-1's description of having heard "lots" about the trial, we ask the Court to inquire both of the juror

---

[1] The Defense does not have the voir dire transcript.

and of Person-1 what, if anything, they discussed about the trial – discussions which would be in violation of this Court's instructions to the jurors each day -- and whether the juror's deliberations were influenced in any manner by such discussions.

       We thank the Court for its consideration of this request.

Respectfully submitted,

    /s/
John Meringolo, Esq.

Cc:    All parties (by ECF)