UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

                         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2022

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       By letter dated November 3, 2022, the Government informed the Court that an Assistant United States Attorney (the "AUSA") who participated in the trial of this matter received an email from the adult child of a juror ("Person-1"). ECF No. 326 at 1. Over the past three years, the AUSA and Person-1, who is currently a law student, have had periodic contact regarding Person-1's education and career, and Person-1 has previously sought career-related advice from the AUSA. *Id.* On October 29, 2022, after the trial concluded, Person-1 emailed the AUSA stating:

> My mom was on the jury of your case! . . . I've heard lots about it all week, congratulations on the win! What a funny coincidence. Good thing my mom didn't make the connection beforehand and have to recuse herself. I know she enjoyed it.

*Id.* Person-1 attends law school outside of New York City, and the AUSA has never met or communicated with Person-1's mother. *Id.*

       By letter dated November 14, 2022, Defendant moved the Court to "set a date for a hearing at which the juror and Person-1 referenced in the Government's letter dated November 3, 2022, may be questioned about the representations outlined in the Government's letter." ECF No. 332 at 1. Defendant raises two grounds for an inquiry: (1) that Person-1 "'heard lots about' the trial 'all week,'" and (2) that the juror did not "disclose that her child was a law student who had received advice from one of the [AUSAs] who tried the case against Mr. Shea." *Id.*

       The Second Circuit has repeatedly held that "a post-verdict inquiry into allegations of [jury] misconduct is only required 'when there is clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant.'" *United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983)). The allegations of jury misconduct must be "concrete allegations of inappropriate conduct that constitute competent and relevant evidence." *Id.* (quoting *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989)). Courts refuse to allow defendants to investigate jurors "merely to conduct a fishing expedition." *Ianniello*, 866 F.2d at 543 (citation omitted). And, hearings such as the one that Defendant requested "should be avoided whenever possible." *Id.* (quotations omitted).

Defendant fails to proffer "clear, strong, substantial and incontrovertible evidence" that a specific impropriety occurred. *Baker*, 899 F.3d at 130. First, Person-1's statement that they "'heard lots about' the trial 'all week'" does not establish misconduct. ECF No. 332 at 1. The Court repeatedly instructed the jurors not to discuss the case while it was ongoing, *see, e.g.*, Trial Tr. 28:13–30:5, 258:11–13, ECF No. 343, and "the almost invariable assumption of the law [is] that jurors follow their instructions." *Shannon v. United States*, 512 U.S. 573, 585 (1994) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). Defendant does not provide a specific or nonspeculative basis to question the juror's adherence to that standard instruction—particularly where a number of innocent inferences may be drawn from the statement that Person-1 "'heard lots about' the trial 'all week,'" including that the juror generally discussed that she had been seated on a jury. And even assuming improper communications did occur, Defendant does not provide evidence to explain how such impropriety could have prejudiced the jury during its deliberations. *See United States v. Lohm*, No. 90 Cr. 301, 1993 WL 488635, at *18 (N.D.N.Y. Nov. 26, 1993) ("Even if such improper contacts did occur, the affiants recite no specific conversations indicating that extrajudicial matters may have been considered by the jury during its deliberations."), *aff'd*, 47 F.3d 1157 (2d Cir. 1995) (table).

Second, Defendant fails to point to evidence that the juror was untruthful during voir dire. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) ("[T]o obtain a new trial . . . , a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause."). Defendant does not identify any question during voir dire that the juror answered dishonestly. *See* ECF No. 332. The Court did not ask the juror about her adult child, who does not live with her. *See generally* Voir Dire Tr. Further, there is no evidence that the juror, who has never met the AUSA, knew anything about Person-1's prior contact with the AUSA. *See* ECF No. 326 at 1.

Accordingly, Defendant's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 332.

SO ORDERED.

Dated: November 30, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge