

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 11, 2023

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Timothy Shea*, No. S2 20 Cr. 412 (AT)

Dear Judge Torres:

  The Government respectfully submits this letter to inform the Court about an error that came to the Government's attention at the end of last week. Specifically, the Government recently identified an error in the jury instructions that the parties in the above-referenced case jointly requested (Dkt. 165 at 45) and that the Court delivered. Although for the reasons discussed below, this error does not affect the validity of the defendant's conviction, the Government wishes to alert the Court out of an abundance of caution.

  In instructing the jury about the nature of the objects of the money-laundering conspiracy charged in Count Two, the Court instructed that "as a matter of law…the [wire fraud conspiracy] charge in Count One meets the definition of specified unlawful activity." (Tr. 773). That instruction was incorrect—specified unlawful activity includes "any act which is indictable under," a list of statutes including 18 U.S.C. § 1343 (substantive wire fraud), but not including 18 U.S.C. § 1349 (wire fraud conspiracy, the charge in Count One of the S2 Indictment). *See* 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1)(B).

  The Court need not take any action, however, for two reasons. *First*, having invited the error by including it in jointly proposed jury instructions, the defendant has waived any challenge to it. *See, e.g.*, *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam) ("If a party invited the charge…she has waived any right to appellate review of the charge." (cleaned up)); *United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008) ("Because [defendant] made a joint request in favor of the very instructions he now challenges, he waived his right to raise these instructional issues on appeal under the invited error doctrine.").

  *Second*, in any event, the instructional error here was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Even the complete omission of an element—a graver error than the one here—is harmless where the trial evidence overwhelmingly proved that element. *See Neder v. United States*, 527 U.S. 1, 8-9, 15-16 (1999); *United States v. Agrawal*, 726 F.3d 235, 257 (2d Cir. 2013); *see also Pope v. Illinois*, 481 U.S. 497, 502-03 (1987) (same, re misstatement of element).

Here, the error was harmless beyond a reasonable doubt because (among other things) the trial evidence overwhelmingly proved that the defendant repeatedly transferred proceeds of acts chargeable under the substantive wire fraud statute, and "no rational juror, if properly instructed, could find" otherwise. *Pope*, 481 U.S. at 503. The Court discussed this evidence at some length in denying the defendant's Rule 29 motion:

> Defendant and his co-defendants pocketed hundreds of thousands of dollars from WBTW by setting up business intermediaries and transferring WBTW's donor funds to those intermediaries, which then retained some of the money and transferred some of it back to Kolfage. For example, Defendant created a company called Ranch Property Marketing and Management LLC ("RPMM"). Over several months, WBTW transferred funds to RPMM on multiple occasions, and portions of those transfers were sent to Kolfage. On one occasion, WBTW transferred money to Defendant's personal bank account to serve as the intermediary…. The Government also presented exhibits and testimony demonstrating that Defendant and his co-defendants used fraudulent invoices and memo lines in checks and wire transfers to conceal the purposes of the money transfers.

(Dkt. 357 (citing Tr. 246-48; GX 501, 900, 900-1, 901-C, 906-C, 906-E, 906-F, 906-H)). Those transactions, and numerous others proven overwhelmingly at trial, were individual acts taken in the course of the wire fraud and money laundering conspiracies charged in Counts One and Two, respectively, that would have been indictable under Section 1343. As a result, any error in instructing the jury that the wire fraud conspiracy charge constituted specified unlawful activity was harmless, and the Court should proceed to sentencing on Count Two.

Because any error was harmless, the Court need not take any action, and the Government respectfully submits that sentencing should proceed as scheduled. To the extent the defense wishes to litigate this issue, the proper forum now would be the Court of Appeals, as the time for post-trial motions has passed.

Should the Court have any questions, the Government will be prepared to address them at sentencing on June 13, 2023.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    /s/
Nicolas Roos
Robert B. Sobelman
Derek Wikstrom
(212) 637-2421/2616/1085

Cc:    Thomas H. Nooter, Esq.