UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | S2 20 Cr. 412 (AT) |
| v. | DECLARATION OF COUNSEL. |
| TIMOTHY SHEA, | |
| Defendant. | |

_____

THOMAS H. NOOTER, ESQ.,, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the foregoing is true and correct.

1. I am the attorney of record for the defendant, TIMOTHY SHEA, having been appointed as such by this Court pursuant to the Criminal Justice Act, to replace the late John Meringolo, Esq., on or about November 22, 2022.

2. Mr. Shea was tried on a superceding indictment that charged three counts: count one charged conspiracy to commit wire fraud pursuant to 18 U.S.C. § 1349, count two charged money laundering of the proceeds of the wire fraud conspiracy charged in count one pursuant to 18 U.S.C. § 1956(h), and count three charged falsification of records pursuant to 18 U.S.C. § 1519 and 2.

3. Mr. Shea's counsel did not make a pre-trial motion asserting that count two was defective or failed to state an offense based on the fact that the statute does not list conspiracy to commit wire fraud as a "specified criminal activity" of

-1-

money laundering, which is an element of the crime.

4. Prior to the commencement of the second trial on these counts (the first had ended in a mistrial) the parties agreed to use the same set of jury instructions that had been used for the first trial. Prior to the court's delivering the jury instructions in the first trial the parties had submitted a "joint" proposal for jury instructions which included some differences highlighted, but did not show any difference on what the government drafted as a proposed instruction on the elements of money laundering. No objection was made prior to the Court's giving those instructions to both juries. The instruction given with respect to the elements of money laundering included the following definition of the "specified criminal activity" which must be found by the jury to be the source of the funds which are being laundered:

> The second element of concealment money laundering is that the financial transactions must involve the proceeds of "specified" unlawful activity. ... The term "specified unlawful activity" means any one of a variety of offenses descried in the statute. In this case the government has alleged that the money involved in financial transactions derived from the wire fraud conspiracy charged in Count One of the indictment. I instruct you, as a matter of law, <u>that the charge in Count One meets the definition of "specified unlawful activity"</u> but you must determine whether the funds involved in the financial transactions were the proceeds of <u>that</u> unlawful activity. [Emphasis added.]

4. Prior to my appointment Mr. Shea was convicted by a jury (in a second

trial) of all three counts of the second superceding indictment. Mr. Shea's attorney, Mr. Meringolo, requested a schedule for making post-trial motions and filed a timely motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure to vacate the conviction on count one of the indictment, wire fraud. His motion did not specifically address count two or any error in the Court's instructions to the jury with respect to count two.

5. After the time for making a post-verdict motion had run the government notified the Court and counsel, in a letter dated June 11, 2023, that they believed that the jury instruction with respect to count two was erroneous because the "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(A) does not include conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343, even though it does include the substantive offense of wire fraud pursuant to that statute, and that instructing the jury that "as a matter of law" the conspiracy to commit wire fraud as charged in count one of the indictment was sufficient to meet the requirements of the element was therefore error. They argued that the error, however, is harmless and that it was waived by prior counsel when no objection to the jury instruction was made.

6. Mr. Shea's present attorney requested time to file a motion directed to this error, and the Court set a schedule for filing such a motion.

7. Defendant is moving to vacate the verdict on count two and to dismiss the count because it fails to state a crime, inasmuch as the count itself incorrectly states that the "specified unlawful activity" alleged is the conspiracy charged in count one. Because that conspiracy is not included in the statutory definition of the element of the crime charged it fails to allege a source of the "proceeds" alleged to have been concealed, and therefore fails to state a violation of the statute.

8. Defendant argues that while cases have stated that an erroneously drafted indictment can be cured by the evidence presented at trial, in this case it was not, because the jury was never required to make a finding in connection with count one that the object of that conspiracy was completed to the extent that proceeds were derived from one of the crimes "specified" in the statute. Had there been a substantive count of wire fraud, and if the jury had convicted, it might have cured the defect and also made the jury instruction error harmless. But because the object of a conspiracy does not have to be fulfilled to sustain a conviction for conspiracy the conviction of count one is not sufficient to show that the jury found, beyond a reasonable doubt, that the uncharged substantive crime had also been proved. The fact that the government or the Court may have concluded that the object of the conspiracy was shown to have been fulfilled is not sufficient to substitute for the requirement that the jury reach a unanimous decision on the

question. Thus the error in the indictment, compounded by the error in the jury instructions (both authored by the government) is not harmless, pursuant to Rule 52(a).

9. The defendant also argues that even though there was no pre-trial motion to dismiss the count for failure to state a crime, or any motion made during the trial or within the post-verdict time frame for making a motion to the trial court on the sufficiency of the evidence on count two on this ground, and even though no objection to the jury instruction was made, defendant still asks this court to find that as a matter of "plain error" as defined in Rule 52(b) and the "good cause" exception of Rule 12(c)(3).

10. The defendant relies on the annexed Memorandum of Law in support of this motion.

WHEREFORE, the defendant respectfully requests that the Court entertain this motion, find that there was no waiver, and find that the error in the language of the indictment and the court's instruction to the jury was not harmless, and indeed is "plain error," and vacate the verdict and dismiss count two of the indictment.

Dated:     New York, New York
           June 28, 2023

                                        */s/ Thomas H. Nooter*
                                        THOMAS H. NOOTER