```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/14/2023___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

                     Defendant.

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 21, 2021, Defendant, Timothy Shea, was charged in a superseding indictment (the "Indictment") with: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 ("Count One"); (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) ("Count Two"); and (3) falsifying records with the intent to impede, obstruct, and influence an investigation by the Government in violation of 18 U.S.C. §§ 1519 and 2 ("Count Three"). Indictment, ECF No. 179. After the Court declared a mistrial on June 7, 2022, Dkt. Entry 6/7/2022, a second trial commenced on October 24, 2022, Dkt. Entry 10/24/2022. On October 28, 2022, a jury found Defendant guilty on all three counts. Dkt. Entry 10/28/2022.

Before the Court is Defendant's motion to vacate the verdict on Count Two and dismiss that count and for a new trial on Counts One and Three. ECF No. 404. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND[1]

Count Two of the Indictment states, in part:

> It was a part and an object of the conspiracy that . . . [D]efendant, and others known and unknown, in an offense involving interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, wire transfers and checks, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact

---

[1] The Court presumes familiarity with the facts, which have been set forth in previous orders in this case, *see, e.g.*, ECF No. 357 at 1–4, and only includes the facts relevant to this order.

> *involved the proceeds of specified unlawful activity, to wit, the conspiracy to commit wire fraud alleged in Count One* of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control, of the proceeds of the specified unlawful activity[.]

Indictment ¶ 5 (emphasis added). Defendant did not file a pre-trial motion to dismiss Count Two as defective.

Before the first trial, the parties submitted proposed jury instructions in a joint filing. ECF No. 165. As to the object of the Count Two money laundering conspiracy, the jointly proposed jury charge included the following instruction:

> The term "specified unlawful activity" means any one of a variety of offenses described in the statute. In this case, the Government has alleged that the money involved in financial transactions at issue in this case was derived from the wire fraud conspiracy charged in Count One of the Indictment. I instruct you, as a matter of law, that the charge in Count One meets the definition of "specified unlawful activity, but you must determine whether the funds involved in the financial transactions were the proceeds of that unlawful activity."

*Id.* at 45. In their submission, neither party objected to the proposed instruction. *Id.*; *see also id.* at 1 (explaining color-coded highlights for parties' respective objections to certain proposed instructions). On May 19, 2022, the Court emailed the parties a proposed jury charge that contained the same instruction set forth above. Defendant did not object to the instruction. On May 27, 2022, the Court sent the parties a revised proposed jury charge with the same instruction. Again, Defendant did not object to the instruction.

Prior to the second trial, the parties agreed to use the same set of jury instructions that had been used for the first trial. Defendant did not object to giving those same instructions to the jury. ECF No. 345 at 556:23–557:1. At the second trial, the Court instructed:

> The second element of concealment money laundering is that the financial transactions must involve the proceeds of specifie[d] unlawful activity . . . . The term "specified unlawful activity" means any one of a variety of offenses described

2

>in the statute. In this case, the [G]overnment has alleged that the money involved in the financial transactions at issue in this case was derived from the wire fraud conspiracy charged in Count One of the [I]ndictment. *I instruct you, as a matter of law, that the charge in Count One meets the definition of specified unlawful activity*, but you must determine whether the funds involved in the financial transactions were the proceeds of that unlawful activity.

ECF No. 347 at 736:20–737:9 (emphasis added). On October 28, 2022, the jury found Defendant guilty on all three counts. Dkt. Entry 10/28/2022.

By letter dated June 11, 2023, the Government advised the Court of an error in the "jury instructions that the parties . . . jointly requested . . . and that the Court delivered" at the trials. ECF No. 398 at 1. Specifically, the jury instructions were incorrect because "specified unlawful activity," as defined under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), does not include wire fraud conspiracy, 19 U.S.C. § 1349, which is the charge in Count One. *See* ECF No. 398; *see also* 18 U.S.C. § 1956(c)(7)(A). The Indictment contains the same error. *See* Indictment ¶ 5.

On June 28, 2023, Defendant moved (1) to vacate his conviction on Count Two and dismiss the count, and (2) for a new trial on Counts One and Three. ECF No. 404. Defendant argues that the conviction on Count Two should be vacated and the count dismissed because the indictment fails to state an offense as to Count Two, and the instructions to the jury delivered by the Court at trial compounded this error. ECF No. 406 at 6–9. Defendant also argues that he is entitled to a new trial on Counts One and Three because of "prejudicial spillover" from the evidence presented in support of Count Two at trial. *Id.* at 14.

## DISCUSSION

I. <u>Legal Standard</u>

Federal Rule of Criminal Procedure 7(c)(1) requires, *inter alia*, that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense

charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment satisfies Rule 7(c)(1) if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Lee*, 833 F.3d 56, 67–68 (2d Cir. 2016).

To satisfy this standard, indictments "need do little more than . . . track the language of the statute charged and state the [approximate] time and place . . . of the alleged crime." *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013) (citation omitted). Indictments do not "have to specify evidence or details of how the offense was committed." *United States v. Wey*, No. 15 Cr. 611, 2017 WL 237651, at *5 (S.D.N.Y. Jan. 18, 2017) (citation omitted). When considering a motion to dismiss an indictment, the Court must treat the indictment's allegations as true. *Id.*

II. <u>Application</u>[2]

    A. Indictment

"The two elements of a money laundering conspiracy are [(1)] the existence of a conspiracy and [(2)] that the defendant knowingly participated in it." *United States v. Wiseberg*, 727 F. App'x 1, 5 (2d Cir. 2018) (summary order); *see also, e.g.*, *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009). A financial transaction involving the proceeds of specified

---

[2] A motion to dismiss an indictment for failure to state an offense must be raised before trial, or it will be deemed "untimely." *See* Fed. R. Crim. P. 12(c)(3); *United States v. O'Brien*, 926 F.3d 57, 82–83 (2d Cir. 2019). If the motion is untimely, a court may nonetheless consider the motion if the defendant shows "good cause" for his failure to raise the issue prior to that deadline. Fed. R. Crim. P. 12(c)(3). Here, Defendant did not move to dismiss Count Two for failure to state an offense until seven months after his conviction at trial. *See* ECF No. 404. But, the Court does not reach the question of whether Defendant's untimely motion can be excused by good cause, because, even assuming good cause, Defendant's challenge fails. *See infra* Section II.A.

unlawful activity is an element of the underlying object of the conspiracy, but not an element of the conspiracy itself. *See United States v. Stavroulakis*, 952 F.2d 686, 691 (2d Cir. 1992) (rejecting the argument that "the particular specified unlawful activity is an essential element of the crime" (emphasis omitted)); *see also United States v. Neuman*, 621 F. App'x 363, 365–66 (9th Cir. 2015) ("[A] defendant does *not* have to commit or be convicted of the underlying substantive specified unlawful activity that generated the illegal proceeds to be guilty of a conspiracy to commit money laundering."). In *Stavroulakis*, the Second Circuit held that in a money laundering conspiracy, the specified unlawful activity at issue is "ancillary," and, therefore, "it is not essential" that two money laundering co-conspirators "agree on the same illegal activity." 952 F.2d at 690–91.

Here, the Indictment states that the object of the Count Two money laundering conspiracy "involved the proceeds of specified unlawful activity, to wit, the conspiracy to commit wire fraud alleged in Count One of th[e] Indictment," Indictment ¶ 5, which is an incorrect statement of the law because "specified unlawful activity," as defined under 18 U.S.C. § 1956(c)(7)(A), does not include wire fraud conspiracy. But this error relates to an ancillary issue and not an essential element of the conspiracy itself. *Stavroulakis*, 952 F.2d at 690–91. An indictment need not specify details about how the offense was committed. *See Wey*, 2017 WL 237651, at *5; *see also United States v. Agrawal*, 726 F.3d 235, 261 (2d Cir. 2013) ("When the indictment is . . . considered as a whole, the 'to wit' clause is properly understood to be illustrative rather than definitional of the core of the criminality charged by the grand jury.").

Indeed, after removing this erroneous language, the Indictment "still states an offense." *United States v. Post*, 950 F. Supp. 2d 519, 532 (S.D.N.Y. 2013). On its face, the Indictment contains all necessary elements of the money laundering conspiracy charge, "fairly informs

[D]efendant of the charge against which he must defend," and "enables [Defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Stringer*, 730 F.3d at 124 (citation omitted).  That is enough to satisfy the requirements of Rule 7(c)(1).  Therefore, "on its face, the Indictment need not be dismissed." *Post*, 950 F. Supp. 2d at 532.

      B.  Jury Instructions

A party who proposes a jury instruction "waive[s] any objection" to it. *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017); *see United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) ("[I]f a party invited the charge[,] . . . she has waived any right to appellate review of the charge." (cleaned up)).  This "invited" error precludes even plain error review.  *See United States v. O'Garro*, 700 F. App'x 52, 53–54 (2d Cir. 2017) (summary order).  This doctrine applies equally where the parties jointly request a jury instruction. *See United States v. Gill*, 674 F. App'x 56, 58 (2d Cir. 2017) (summary order).

Here, Defendant has waived any objection to the jury instructions because the parties jointly submitted a proposed jury charge before the first and second trials, *see Gill*, 674 F. App'x at 58, and Defendant did not object to the Court's proposed jury charge at either trial.  Having jointly proposed the erroneous jury instruction, which the Court adopted at both trials, Defendant has waived any challenge to it.[3]

---

[3] Because the Court rejects Defendant's arguments that the conviction on Count Two should be vacated, the Court shall not address Defendant's request for a new trial on Counts One and Three.

6

## CONCLUSION

For the reasons stated above, Defendant's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 404.

SO ORDERED.

Dated: July 14, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge