UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TIMOTHY SHEA,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2023
```

20 Cr. 412-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Following a jury trial, Defendant, Timothy Shea, was convicted of (1) conspiring to commit wire fraud in violation of 18 U.S.C. § 1349; (2) conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h); and (3) falsifying records with the intent to impede, obstruct, and influence an investigation by the Government in violation of 18 U.S.C. §§ 1519 and 2.  ECF No. 411 at 1.  The Court sentenced Shea to a below-Guidelines sentence of 63 months' imprisonment on each count, to run concurrently, and ordered him to surrender on October 23, 2023.  *Id.* at 2; *see also* ECF No. 415 at 5:2–5 (noting that the Guidelines range is 108 to 135 months' imprisonment).

By letter dated October 10, 2023, Shea moves for bail pending appeal pursuant to 18 U.S.C. § 3143(b).  ECF No. 417.  For the reasons stated below, Shea's motion is DENIED.

I.      Legal Standard

After a criminal defendant "has been found guilty of an offense and sentenced to a term of imprisonment," a district court is required to order that the defendant be detained pending appeal unless it makes certain findings.  18 U.S.C. § 3143(b).  First, the court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."  *Id.* § 3143(b)(A).  Second, the court must find "that the appeal is not for the purpose of delay."  *Id.* § 3143(b)(B).  And third, the appeal must raise "a

substantial question of law or fact." *Id.* A question raised on appeal is "substantial" if it is "a 'close' question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (citation omitted). Even if a question is "substantial," moreover, the court must also find that the question is "integral to the merits of the conviction." *Id.* (citation omitted). A question is "integral" if a contrary appellate holding is likely to result in reversal, a new trial, a non-incarceration sentence, or an incarceration sentence less than time served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(B). The defendant bears the burden of persuasion in this inquiry. *Randell*, 761 F.2d at 125.

II.    Discussion

Shea argues—and the Government does not dispute—that he is unlikely to flee or pose a danger to others if he is allowed to remain free on bail pending appeal. *See* ECF No. 417 at 5; ECF No. 421 at 3 n.3. The question, therefore, is whether any of the issues Shea intends to raise on appeal are "substantial." The Court finds that they are not.

Shea raises three "possible issues on appeal." ECF No. 417 at 2–4. First, and "principal" among the appellate issues, Shea contends that the Court erred in declining to interview a juror regarding her adult child's ("Person-1") contacts with an Assistant United States Attorney (the "AUSA") involved in Shea's trial. *Id.* at 3. As detailed in this Court's order dated November 11, 2022, Person-1, a law student, occasionally sought career-related advice from the AUSA and emailed the AUSA to congratulate the Government on its "win" after the trial ended. ECF No. 354 at 1. The AUSA never met or communicated with the juror. *Id.*

The Court denied Shea's motion to question the juror and Person-1 post-trial, citing binding Second Circuit precedent holding that "a post-verdict inquiry into allegations of [jury] misconduct is only required 'when there is clear, strong, substantial and incontrovertible

evidence . . . that a specific, nonspeculative impropriety has occurred which could have

prejudiced the trial of a defendant.'" *Id.* (quoting *United States v. Baker*, 899 F.3d 123, 130 (2d

Cir. 2018) (cleaned up)).  In the instant motion, Shea again argues that Person-1's post-trial

email to the AUSA "should have been enough to warrant at least a brief questioning," and

insinuates that the Government may have withheld the full context of the AUSA's

communications with Person-1.  ECF No. 417 at 3–4.  As before, however, Shea fails to offer

"competent and relevant evidence" of a "specific, nonspeculative impropriety."[1]  *Baker*, 899

F.3d at 130.  The Court finds, therefore, that this question is not "substantial" enough to justify

bail pending appeal.

Second, Shea notes that he intends to appeal the Court's denial of his challenges to the

indictment and the jury instructions.  *See* ECF No. 417 at 4.  These challenges, too, are not

"substantial" and are unlikely to succeed on appeal.  As the Court explained in its order dated

July 14, 2023, the indictment adequately stated the elements of a money-laundering conspiracy

even without the erroneous "to-wit" clause.  ECF No. 409 at 4–6.  Further, Shea waived any

objection to the jury instructions when he jointly submitted a proposed jury charge and failed to

object at trial.  *Id.* at 6.

Finally, Shea states that he "is likely to seek review of the procedural reasonableness of

the sentence imposed by the court."  ECF No. 17 at 4.  The Court finds that this challenge also is

unlikely to result in reversal, a new trial, or a non-incarceration sentence, as required by 18

---

[1] In his reply, Shea cites *United States v. Moten*, 582 F.2d 654 (2d Cir. 1987), for the proposition that "in a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial."  ECF No. 422 at 3 (quoting *Moten*, 582 F.2d at 659).  But as explained in the Court's initial order, Shea has not established that any "private communication, contact, or tampering" occurred here.  *See* ECF No. 354 at 2.  On this record, the Court finds that no "reasonable grounds exist" to believe that an "extraneous influence" prejudiced the jury during its deliberations.  *Moten*, 582 F.2d at 664.

U.S.C. § 3143(b)(B).

Shea first argues that that his sentence was disparately long compared to his codefendants'. ECF No. 417 at 4. But even though district courts are not required to "consider or explain sentencing disparities among codefendants," *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020), Shea acknowledges that the Court did provide such an explanation. ECF No. 417 at 4; *see* ECF No. 415 at 23:10–15 (explaining that Shea's codefendants had "severe medical conditions which were extremely strong mitigating factors"). Second, Shea argues that the Court improperly weighed the mitigating factors in his case. ECF No. 417 at 4. But the appellate court will review Shea's sentence under a "particularly deferential" abuse-of-discretion standard. *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). Under that standard, "the particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge.'" *Id.* at 289 (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). Finally, the Court notes that a below-Guidelines sentence like Shea's is especially unlikely to be found "unreasonable." *Alcius*, 952 F.3d at 88–89. Shea's challenge to his sentence, therefore, also fails to qualify him for bail pending appeal.

Accordingly, Shea's motion for bail pending appeal is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 417.

SO ORDERED.

Dated: October 20, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge