**MANDATE**

23-6842-cr
United States v. Shea

1:20-cr-00412-AT-4

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-four.

PRESENT: JOSÉ A. CABRANES,
 GERARD E. LYNCH,
 RAYMOND J. LOHIER, JR.,
 *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED  7/11/2024

------------------------------------------------------------------

UNITED STATES OF AMERICA,

 *Appellee*,

 v.  No. 23-6842-cr

TIMOTHY SHEA, AKA SEALED DEFENDANT 4,

 *Defendant-Appellant.**

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

1

**MANDATE ISSUED ON 07/11/2024**

|  |  |
|---|---|
| FOR APPELLEE: | DEREK WIKSTROM, Assistant United States Attorney (Robert Sobelman, Hagan Scotten, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |
| FOR DEFENDANT-APPELLANT: | THOMAS H. NOOTER, Freeman, Nooter & Ginsberg, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Timothy Shea appeals from a July 26, 2023 judgment of the United States District Court for the Southern District of New York (Torres, *J.*) convicting him, after a jury trial, of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2); and falsification of records, in violation of 18 U.S.C. § 1519 (Count 3). Shea was sentenced principally to 63 months' imprisonment on each count, to run concurrently. On appeal, Shea

argues that (1) the District Court abused its discretion in declining his post-verdict request to inquire into possible juror misconduct; (2) Count 2 failed to state a criminal offense and the District Court's jury instruction as to that count was erroneous; and (3) his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I. **Post-Verdict Juror Inquiry**

Shea first argues that the District Court abused its discretion in declining his post-verdict request to inquire into whether juror misconduct occurred. Specifically, he asserts that it was error for the District Court to decline "to question a juror who, one day after the trial, was discovered by the prosecutors to have been the parent of a law student who was being 'mentored' by a member of the prosecution team over the prior three years . . . ." Appellant's Br. 24.

We review a district court's handling of alleged juror misconduct for abuse of discretion. *United States v. Aiyer*, 33 F.4th 97, 127 (2d Cir. 2022). "[A] post-verdict inquiry into allegations of such misconduct is only required when there is clear, strong, substantial and incontrovertible evidence . . . that a specific,

nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018) (quotation marks omitted). "It is up to the [district court] to determine the effect of potentially prejudicial occurrences," and the district court "has broad flexibility in responding to allegations of [juror] misconduct." *Id.* at 131 (quotation marks omitted).

It was not an abuse of discretion to reject Shea's request to investigate the alleged misconduct. After the Government informed the District Court of an email[1] that one of the prosecutors had received from a juror's daughter ("Person 1"), Shea requested a hearing on the grounds that "Person-1[] 'heard lots about' the trial 'all week,' and that the juror did not . . . disclose that [Person 1] was a law student who had received advice from" one of the prosecutors. App'x 333. We agree with the District Court that Shea failed to show "clear, strong, substantial and incontrovertible evidence that a specific impropriety occurred." App'x 339 (quotation marks omitted). First, as to Shea's argument that Person 1's email discloses that the juror violated the judge's order that jurors not discuss

---

[1] The email, in relevant part, provided: "My mom was on the jury of your case! She was juror [REDACTED] row. I've heard lots about it all week, congratulations on the win! What a funny coincidence. Good thing my mom didn't make the connection beforehand and have to recuse herself. I know she enjoyed it." App'x 332.1.

4

the case with anyone, the District Court did not abuse its discretion in concluding that there was no need for further investigation, as nothing in the email suggests that the juror's unspecified comments about the trial elicited any comment from Person 1, or otherwise had any effect on the juror's deliberations. Aiyer, 33 F.4th at 129 (an inquiry into juror conduct may end where "reasonable grounds to suspect *prejudicial* jury impropriety d[o] not exist" (emphasis added) (quotation marks omitted)). Second, as to his argument that the email suggested possible bias on the part of the juror due to her daughter's acquaintance with the prosecutor, Shea presented no evidence that the juror was asked on voir dire any question that expressly or implicitly called for disclosure of the relationship between Person 1 and the prosecutor. And the email itself makes clear that the juror did not know of the relationship between the prosecutor and Person 1 at that time. *See* App'x 339. We therefore reject Shea's challenge to the District Court's denial of his request for a juror inquiry.

## II. Adequacy of Indictment and Jury Instructions

Shea next contends that his conviction on Count 2 should be vacated and dismissed because his indictment failed to state an offense. The Government

contends that Shea has forfeited this argument by failing to raise a timely challenge to the indictment. We agree with the Government.

Under Federal Rule of Criminal Procedure 12(b), a motion challenging an indictment for failure to state an offense must be raised *pretrial*. However, a court may consider an untimely motion or request "if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Here, Shea challenged the indictment in June 2023, eight months after he was convicted. He argues that "good cause" for the delay existed because "he did not have a strategic reason . . . for failing to make the motion before trial," and because the District Court and Government also failed to notice the error. App'x 441. But "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish cause." *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) (quotation marks omitted). Accordingly, "[b]ecause this claim was not raised prior to trial, as unambiguously required by the law of th[is] Circuit," and Shea has not shown cause for failing to timely do so, "the claim must be rejected." *United States v. Spero*, 331 F.3d 57, 61 (2d Cir. 2003).

Shea also maintains that the District Court's jury instructions as to Count 2 were erroneous. We need not reach the merits of this argument because we conclude that it has been waived. "[A] defendant who has invited a challenged charge has waived any right to appellate review." *United States v. Hertular*, 562 F.3d 433, 444 (2d Cir. 2009) (quotation marks omitted). Here, Shea invited the jury charge by jointly submitting the proposed jury instructions to the District Court before his first trial. Before Shea's second trial, the parties agreed to use the same jury instructions jointly proposed for his first trial. Shea has thus waived this argument. *See United States v. Binday*, 804 F.3d 558, 583 (2d Cir. 2015) (challenge to jury instruction waived where "the parties jointly submitted the language"). And while Shea argues that we should not find waiver because his counsel's joint submission of the charge was not a "tactical" decision, "a tactical benefit [is not] a prerequisite to identifying waiver." *United States v. Spruill*, 808 F.3d 585, 599 (2d Cir. 2015).

### III. Sentence

Lastly, Shea challenges his sentence as both procedurally and substantively unreasonable. Where, as here, a defendant fails to raise a procedural challenge at the time of sentencing, we review the procedural

7

reasonableness of the sentence for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted).

We conclude that Shea's sentence was procedurally reasonable because the District Court properly calculated Shea's Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) sentencing factors, and imposed a sentence that was supported by the record. Shea argues that the District Court should have given more consideration to the disparities between his sentence and the sentences of his co-defendants. But the District Court considered and explained the difference between Shea's sentence and those of his co-defendants, even though it was not required to do so. *See United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020). We therefore reject Shea's procedural reasonableness challenge.

We also conclude that Shea's sentence was substantively reasonable. "[O]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted). Shea principally challenges the weight the District Court afforded to the sentences of his co-defendants, as well as the weight afforded to his "stellar" family commitments. Appellant's Br. 49. But "the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (quotation marks omitted). We therefore conclude that Shea's 63-month sentence, which represents a significant downward variance from the applicable Guidelines range of 108 to 135 months, was substantively reasonable given the "totality of the circumstances" surrounding his offense. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

9

## CONCLUSION

We have considered Shea's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10